**RUNNELS et al. v. LA FITTE et ux.**

**No. 2410.**

Court of Civil Appeals of Texas. Beaumont.

June 15, 1933.

Rehearing Denied June 21, 1933.

Vivier & Mulitz, of Houston, and Sanders & McLeroy, of Center, for appellants.

Dallas Ivey, of Center, for appellees.

WALKER, Chief Justice.

It is sufficient to say of the pleadings of appellees, Ernest La Fitte and Mrs. Onie La Fitte, that they filed this suit in the district court of Shelby county, against appellants, H. F. Runnels, doing business in the town of Center, Shelby county, Tex., under the name of Runnels Chevrolet Company, and General Motors Acceptance Corporation, a corporation with an office in Houston, Harris county, Tex., for wrongfully seizing and converting their automobile purchased by them from appellant Runnels. Appellees also alleged that appellant General Motors Acceptance Corporation was the owner of the unpaid purchase-money notes, and that both appellants, acting together, had seized their automobile. On the theory of conversion, the prayer was for the difference between the market value of the automobile on the day it was seized and the balance due by appellees on the purchase price of the automobile. General Motors Acceptance Corporation answered by plea of misjoinder of parties, general demurrer, special exceptions, and general denial. Appellant Runnels answered, as did appellant General Motors Acceptance Corporation, and further justified his seizure of the automobile by pleading the sales contract and the breach of its conditions by appellees. Neither of the appellants pleaded any sale under the sales contract or the disposition of the proceeds of such a sale. On the theory of conversion, there was evidence that appellants seized the automobile, made certain repairs thereon, and sold it, but there was no evidence of the sale price. Answering special issues, the jury found facts authorizing the seizure of the automobile under the sales contract, and they further found that the reasonable market value of the automobile at the time it was seized was $400. On this finding, and on the evidence that appellees were due $179, the trial court entered judgment in their favor against both appellants for the difference between $179 and the reasonable market value of the automobile, as found by the jury.

**Opinion.**

All assignments to the effect that appellants were entitled to an instructed verdict on the theory that the automobile was lawfully seized by them are overruled. Having seized the automobile, they had the right to sell it under the terms of the contract, and were responsible to appellees for the difference between the unpaid purchase price and the sale price. But this was a matter of defense to be pleaded and proved by appel-

lants;· that is, having acted under the contract, it was·their duty to justify, under the terms of the contract, the sale of the automobile, and to account ·to appellees for the proceeds of the sale. This they did not do. On the evidence appellants were guilty of conversion, and the trial court correctly en-·tered judgment against them for the differ-·ence between the reasonable market value of ·the automobile at the time it was seized and $179; the amount due by appellees to appel-·lants.·

We think the evidence was sufficient ·to raise the issue and support the jury's finding thereon that the agents of appellant Run-.nels, in seizing the automobile, were also acting for appellant General Motors Acceptance Corporation.· The notes due by appellees on this car were sold by Runnels, with his·indorsement, to General Motors Acceptance Corporation. From the testimony we understand that General Motors Acceptance ·Corporation handled the car notes for Mr. Runnels generally in his automobile business. The carbon copy of a letter purporting to be from General Motors Acceptance Corporation to appellee La Fitte was offered in evidence. This carbon copy was taken from the files of appellant Runnels, and, act-·.ing· under its instructions, he seized the au-·tomobile. This letter, ·being in evidence, was ·sufficient to raise the issue of agency against appellant General 'Motors Acceptance Corporation. But this letter was objected to ,on ·the ground that it was a mere carbon copy and·that there was no proof that it was written by or·under authority of General Motors ·Acceptance Corporation. This objection was ·correctly overruled. Mr. Runnels testified ·that the letter was.from General Motors Acceptance Corporation, and that he had received many letters from it regarding this particular account. He handled this letter as he did his· general correspondence with ·this corporation, and there is nothing in the .record suggesting that it repudiated his act ·in. seizing the car or denied his agency but ;received adjustment on its notes from the .proceeds of the sale. This testimony was not ,offered. under any plea of estoppel but mere-·ly as a circumstance to support the theory that the letter was in fact written by the corporation.

The court did not err in overruling appellants' special exception to the effect that appellees did not name in their petition the agent who seized the car, but merely pleaded that it was seized by the agents of appellants. The record is clearly to the effect that appellants knew the. name of this agent, that he was in attendance on court, and testified in their behalf on the trial. As they were in no way surprised by the development of the facts, and were as fully prepared to pre-sent their defenses as if the required information had been furnished by the. petition, the overruling of the exception was harmless error. Traders' & General Ins. Co. v. Hurst (Tex. Civ. App.) 55 S.W.(2d) 1057.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.