### PEREZ v. SAN JACINTO FINANCE CORPORATION et al.

### No. 11010.

Court of Civil Appeals of Texas. San Antonio.

July 30, 1941.

Rehearing Denied Oct. 1, 1941.

Harry B. Berry, of San Antonio, for appellant.

Weller & Weller, of San Antonio, for appellees.

SMITH, Chief Justice.

The suit was brought by appellant, Santana Perez, against appellees, San Jacinto Finance Corporation, as principal, and Texas Acceptance Corporation, as agent, for actual and punitive damages for wrongful sequestration and conversion of Perez's automobile on which San Jacinto Finance Corporation held a mortgage. It is conceded that appellees wrongfully converted the car. It is also conceded, or at least the record conclusively shows, that at the time of the conversion the mortgage debt had matured and that the mortgagee was given the contractual right to repossess without legal or other proceedings. The jury findings in connection with conclusive evidence show that the debt due by appellant exceeded the value of the automobile at the time of conversion, and that therefore appellant suffered no actual damages by the wrongful act. The trial judge so concluded and held further that in the absence of actual damages appellant was not entitled to exemplary damages which the jury found he had suffered.

Both parties moved for a directed verdict and judgment non obstante veredicto as well. There is some question of whether the motions for judgment non obstante veredicto were submitted and determined upon statutory notice and hearing, but we conclude that question goes out of the case with the assumption as a matter of law that the court could have rendered no other judgment than that entered. The jury found the value of the converted vehicle to have been $270 at the time of its conversion, and the record conclusively shows that the mortgage debt exceeded that sum. Appellant's claim was based upon the contention, in effect, that his equity in the car had not been exhausted, whereas, as shown above, he had no equity remaining. That being so, he was not injured by the bare conversion, unaccompanied by violence, and was not entitled to recover dam-

ages. The trial judge applied this measure and properly denied recovery to appellant. Runnels v. La Fitte, Tex.Civ.App., 61 S.W. 2d 585; Sanders v. O'Connor, Tex.Civ. App., 98 S.W.2d 401. These conclusions settle the merits of the appeal.

Appellant complains of numerous procedural matters, but these complaints are overruled as being immaterial. Among these is the complaint that the court erred in refusing five certain special issues requested by appellant. As those special issues were designed to elicit findings supporting appellant's charge that appellee wrongfully converted the car, and the resulting amount of damages, the refusal of them was rendered harmless in view of the admission by appellees and findings of the jury and trial court that appellees did convert the car.

The judgment is affirmed.

### On Motion for Rehearing.

Appellant has filed a lengthy motion for rehearing which we have carefully considered. He has raised a great many technical questions and presented them with great ingenuity and ability. But, brushing aside all immaterial matters, the case turns on the question of injury, and as the record shows conclusively that appellant sustained no injury by reason of the admitted conversion, the trial judge properly denied him any recovery. We therefore adhere to the judgment of affirmance.

Motion denied.