**RENCK v. HAYES.**

**No. 9818.**

Court of Civil Appeals of Texas. Austin.

Nov. 2, 1949.

Rehearing Denied Nov. 30, 1949.

J. P. Hart, of La Grange, for appellant.

C. C. Jopling, of La Grange, for appellee.

HUGHES, Justice.

Appellee, Vastine Hayes, sued Otto E. Renck, appellant, for conversion of an automobile and sought recovery of actual and exemplary damages.

A jury verdict found that the car had been converted and that its value at the time of conversion was $300, and awarded appellee $100 punitive damages. Based on this verdict judgment was rendered against appellant for $417.75, being the above two amounts with accumulated interest on the $300.

Appellant does not attack the jury verdict but contends that no judgment should have been rendered against him because the undisputed evidence shows that the car was mortgaged in an amount exceeding the value of the car, as found by the jury, and that he was the owner of such mortgage.

We agree with appellant and will briefly recite the facts:

Appellant was a used car dealer. On October 4, 1947, he sold appellee a 1937 Chevrolet for $875, paid and to be paid as follows: $15 trade in; $360 cash, and a note, secured by a mortgage on the car, for $557.82 (amount of note including interest), payable $100.82 on or before December ber 15, 1947, and $457 on or before September 15, 1948.

The note and mortgage were drawn in favor of the Round Top State Bank. This bank handled most of appellant's used car paper, and although this particular note was made to the bank, appellant was required to and did indorse it.

The only payment ever made on this note was $35, on November 5, 1947.

On February 7, 1948, appellant, acting under instructions from the bank, took possession of the car.

On February 25, 1948, upon request of the bank, appellant paid the balance due on the note and on the same date the note and mortgage were transferred to appellant. The note was stamped "Paid. Feb. 25, 1948. Round Top State Bank, Round Top, Texas."

This suit was filed April 13, 1948. Appellee pleaded the amount of the note and the amount paid on it. He did not mention the Round Top State Bank in his pleadings, but all matters connected with the car and its conversion were alleged as involving only appellant and himself.

Appellant did not file a cross-action or ask for any set off based on the note and mortgage, but he fully pleaded the facts with reference to the sale of the car, the execution of the note and mortgage, his endorsement of the note to the bank, default in payment of the note, payment of the note to the bank upon its request, and transfer of the note and mortgage to him.

Appellant also specially plead that on February 7, 1948, the date of conversion, the car was of the reasonable value of $300, and that after repairing the car he sold it for $500. His prayer was that appellee take nothing by his suit.

We do not see how appellee can complain that appellant employed the note and mortgage which he held, defensively only and did not seek affirmative relief, as appellee was benefited thereby.

The note and mortgage were not discharged by the bank's stamping the note paid. Appellant was liable upon the note

as an indorser. He paid the note upon the bank's demand and the bank immediately transferred the note and mortgage to appellant. These facts conclusively refute any intention on the part of the bank or appellant to discharge the note.

The extent of recovery in cases of this character is well settled by the authorities. A mortgagee found guilty of converting the mortgaged property is, when sued by the mortgagor, entitled to deduct the amount of the mortgage debt from the damages awarded the mortgagor. 3 Tex. Jur., p. 170; Universal Credit Co. v. O'Neal, Tex.Civ.App., Amarillo, 140 S.W. 2d 596; Perez v. San Jacinto Finance Corporation, Tex.Civ.App., San Antonio, 154 S.W.2d 298, Writ Ref. W.O.M.

Here the mortgage debt exceeded both the actual and punitive damages awarded appellee and hence he was not entitled to recover.

The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing by his suit.

Reversed and rendered.