MRS. W. U. BROWN V. THE STATE.

No. 23438. Delivered November 20, 1946.
Rehearing Granted January 8, 1947.

*Joe E. Anderson* and *J. S. Simkins,* both of Corsicana, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for unlawfully selling whisky in a dry area; the punishment, a fine of $100.00.

Smith, an agent of the Liquor Control Board, testified that the appellant sold to him a pint of Paul Jones whisky, for which he paid $5.50; that the sale took place at a filling station operated by appellant and her husband; and that appellant obtained the whisky from a building situated to the south of and near the filling station. The time of the sale was fixed at around 5:30 o'clock in the afternoon.

Appellant, testifying as a witness in her own behalf, strenuously denied the sale.

In rebuttal, the State offered proof by the witness Bailey showing that shortly after the alleged sale a search warrant was issued authorizing a search of appellant's premises and place of business and that, as a result of the search by virtue thereof, he found in the building in which appellant was seen—according to the witness Smith—to enter and from which she obtained the pint of whisky alleged to have been sold to the State's witness, a large quantity of whisky—some of the bottles of whisky being the same size and brand as that alleged to have been sold by the appellant.

To this testimony appellant objected because "such actions

on the part of the witness Bailey were clearly shown to have occurred after the alleged commission of the offense set forth in the complaint and information filed in this case; that said testimony as proffered was wholly immaterial and irrelevant to the single issue in the case, that is, whether or not defendant had sold to witness H. A. Smith, a bottle of whisky, there being no charge of possession of whisky for the purpose of sale," and because it was prejudicial.

The testimony concerning the search and the result thereof is deemed admissible because it was material to the issue involved—especially in view of appellant's denial of the sale, as it tended to contradict appellant and support the State's witness, Smith. 18 Tex. Jur., p. 59, Sec. 33.

This matter, as presented here, is by us disposed of upon the bill of exception prepared and filed herein by the trial court, which—as will presently be noted—is the only bill of exception appearing in this record that may be considered by us.

Appellant insists that, in connection with the testimony showing the search above mentioned, the witness Bailey was also permitted to testify that the alleged purchaser, Smith, "came to him and told him that he had bought a pint of whisky from Mrs. Brown" (appellant), to which testimony he registered the further objection that it was hearsay—which objection was in addition to that above quoted.

In keeping with this contention, appellant presented to the trial court a bill of exception in which was incorporated the above quoted additional testimony and hearsay objection.

The trial court refused to approve the bill of exception, claiming that the witness did not testify to the claimed hearsay statement above quoted.

The trial court then prepared and filed his bill of exception, which we have heretofore discussed.

Appellant then filed what is purported to be a bystanders' bill of exception, attesting the correctness of the bill of exception as presented by the appellant. The bystanders to this bill of exception did not swear to the correctness thereof; they merely certified thereto.

A bystanders' bill of exception must be supported by the

oath of the bystanders attesting the correctness thereof. 4 Tex. Jur., Sec. 201, p. 287; Conger v. State, 63 Tex. Cr. R. 312, 140 S. W. (2d) 600. The purported bystanders' bill of exception is not deemed before us.

There appears in the record before us the affidavit of four of the jurors before whom the case was tried, who attest the correctness of appellant's contention that the witness Bailey did in fact testify before the jury to the claimed hearsay statement above set out. This affidavit, however, does not attempt to support the other allegations of the alleged bystanders' bill, especially as to the fact that the appellant made any objection to the alleged hearsay testimony. The affidavit of the jurors could not, therefore, be utilized to sustain the purported bystanders' bill of exception.

The facts authorized the jury's conclusion of guilt, and no reversible error appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In view of all the facts and circumstances before us, we have, upon further consideration, concluded that the affidavit of the four jurors is sufficient to constitute the necessary affidavit to establish a bystanders' bill of exception.

As to matters occurring in the presence of the jury during the trial of the case, members of the jury may occupy the position of bystanders and furnish the necessary affidavit to establish a bystanders' bill of exception. Alamo Iron Works v. Prado, 220 S. W. 282.

The State did not controvert by affidavit the bystanders' bill of exception as established by the affidavit of the four jurors.

It follows that the bystanders' bill is properly before us for consideration and that we erred in reaching a contrary conclusion upon original submission.

The bystanders' bill of exception shows that the witness Bailey was, over appellant's objection, permitted to testify that Smith, the alleged purchaser of the whisky, told him that he had purchased the whiskey from the appellant.

This testimony was hearsay. There is nothing in the record suggesting that it was admissible as an exception to the hearsay rule.

The State's witness Smith having testified that he purchased the pint of whisky from appellant and appellant having denied that fact, the hearsay testimony tended to support the State's witness upon a material issue and was therefore error of such a nature as to require a reversal of the conviction.

Accordingly, appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.