## TEXAS BANK & TRUST CO. OF SWEETWATER v. WITHERS.

### No. 1122.

Court of Civil Appeals of Texas. Eastland. May 19, 1933.

Rehearing Denied June 16, 1933.

Hamner & Ponder, of Sweetwater, for appellant.

Jas. H. Beall, Jr., of Sweetwater, for appellee.

HICKMAN, Chief Justice.

R. E. Withers was indebted to G. C. Jones on a vendor's lien note executed by one O'Keefe for the principal sum of $500. Appellee, E. W. Withers, the father of R. E. Withers, drew his check in favor of G. C. Jones, or order, for $500 upon the appellant bank. This notation was on the face of the check: "For O'Keefe note and transfer." The check was delivered to R. E. Withers, who was to attend to the procuring of the transfer of the vendor's lien note from Jones to appellee. R. E. Withers understood that the note was payable at the First National Bank of Sweetwater, and he took the check to that bank. At the same time he drew his check in favor of Jones for $33, the amount of interest owing on the note. These two checks were delivered to the First National Bank of Sweetwater and a receipt was taken by R. E. Withers. This receipt had the following notation on its face: "Above amount to be paid upon surrender of transfer executed by G. C. Jones and note attached." Jones resided in Abilene, Taylor county, and appellee was not acquainted with him. The First National Bank, after receipt of these checks for the purpose stated, presented same to appellant bank without the indorsement of the payee, Jones, and they were cashed. The proceeds were not deposited by the First National Bank to Jones or to Withers, but that bank issued a cashier's check payable to itself to evidence the account. A few days after the checks were cashed the First National Bank closed its doors and was liquidated by the Federal Banking Department. After the First National Bank had closed, appellee discovered that his check for $500 had been cashed by the appellant without the indorsement of Jones, and instituted this suit against appellant for the amount thereof. A jury was demanded, but at the close of all the testimony the trial judge was of the opinion that there were no issues to be submitted for determination by the jury and accordingly gave a peremptory instruction in appellee's favor.

The check for $33, drawn by R. E. Withers is not involved in this suit.

Appellant's brief contains seventeen assignments of error, but they present but few independent questions of law.

The first group of assignments complains that all the evidence came from interested witnesses, and that it was error to peremptorily instruct the verdict based upon the testimony of such witnesses even though that testimony was uncontradicted.

We overrule these assignments. The check was introduced in evidence, disclosing that the payee's name was not indorsed thereon. The payee testified that he never saw the check or heard of it until after the closing of the First National Bank. An officer of the appellant testified that the check was cashed without the indorsement of the payee, and a former officer of the First National Bank gave like testimony. This evidence made out a conclusive case in appellee's favor, unless same was overcome by the defensive matter next herein noticed.

It is presented that the appellee, by the exercise of ordinary care, could have discovered, prior to the closing of the First National Bank, that his check had been cashed without the indorsement of the payee, and that, had he discovered that fact and notified appellant thereof promptly, appellant could have protected itself by collecting the amount of the check from said First National Bank. The facts are that appellant bank mailed to appellee a statement of his account, including canceled checks, at 4:30 p. m. on December 8th. This statement was probably delivered by the mail carrier to appellee's residence about 9:30 or 10 o'clock a. m. on December 9th. The First National Bank closed its doors at 3 p. m. on that day and did not reopen on the morning of the 10th. Appellee did not examine the back of the check to determine whether or not same was indorsed by the payee, and his failure to do so immediately is made the basis of the claim of negligence. We think the claim is without merit. It was appellant's duty not to cash the check unless it bore the indorsement of the payee, and appellee owed no duty to examine the check for the purpose of determining whether appellant discharged its duty in that respect. In a case note in 15 A. L. R. page 166, the general rule is stated in this language: "The duty imposed on a depositor to examine his pass book and vouchers does not extend to an examination of the signatures of the payees on the returned vouchers, as it is the duty of the bank to determine the genuineness of a payee's indorsement, and the depositor is not expected to know his signature."

In a continuation of that case note in 28 A. L. R. 1437, the same rule is reannounced.

In the case of Guaranty State Bank v. Lively (Tex. Civ. App.) 149 S. W. 211, 213, affirmed in 108 Tex. 393, 194 S. W. 937, L. R. A. 1917E, 673, the rule is stated in this language: "When checks are returned to a depositor by a bank, he is not charged with notice that the indorsement thereon had been forged; but, when he has ascertained the genuineness of his signature to the check and the correctness of the sum, he has performed his duty."

It would indeed be a harsh rule which would require a bank depositor, at his peril,

immediately upon the receipt of his bank statement, to ascertain whether checks drawn by him bore the genuine signatures of the payees. Absent this duty, appellee could not have been guilty of negligence under the facts of this case, and no issue thereof was presented for determination by the jury.

Complaint is made at the overruling of a motion by appellant to make the First National Bank and the receiver thereof parties to this litigation. A long bill of exceptions appears in the record disclosing all facts with reference to this matter. These facts clearly absolve the trial judge of any abuse of discretion in view of the delay of appellant in making the request, and the assignments presenting this question are overruled.

The judgment of the trial court will be affirmed.