LIBERTY STATE BANK ET AL. v. GUARDIAN SAVING & LOAN ASSOCIATION.

No. 6616 . Decided May 13, 1936.
(94 S. W., 2d Series, 133.)

*Read, Lowrance & Bates, Herbert W. Whisenant, Taylor & Irwin, O. F. Wencker, W. J. Rutledge, Jr.,* all of Dallas, and *Lawrence Treadwell,* of Corsicana, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that there was no duty upon the Guardian Saving & Loan Association to examine the indorsements on the check when it was returned and to notify appellees of any suspicious circumstances connected therewith. Fifth Natl. Bank of San Antonio v. Iron City National Bank of Llano, 92 Texas, 436, 49 S. W., 368; Weinstein v. National Bank of Jefferson, 69 Texas, 38, 6 S. W., 171; Kissam v. Anderson, 145 U. S., 435.

The duty rests upon the drawer of a check to disclose to his drawee's bank facts brought to the drawer's attention after the clearance of a check bearing a signature which is irregular, or claimed to be forged. Connors v. Old Forge, Dis. & Dep. Bank, 245 Pa., 97, 91 Atl., 210; Lesley v. Ewing, 248 Pa., 135, 93 Atl., 875.

*D. A. Frank,* of Dallas, for defendant in error.

The evidence showing that there was no negligence on the part of plaintiff or its manager is not discovering that the signature of payee on the check was a forgery, it was error for the court not to give an instructed verdict for plaintiff. United States v. Clinton Natl. Bank, 28 Fed., 357; Frank v. Lanier, 91

N. Y., 112; Iron City Bank v. Ft. Pitt Natl. Bank, 159 Pa., 46, 23 L. R. A., 615.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals has correctly decided this case. For its opinion, in which the facts are fully stated, see Guardian Savings & Loan Association v. Liberty State Bank et al., 60 S. W. (2d) 823.

A bank paid the check of its depositor upon a forged indorsement of the payee. The jury found the depositor negligent in not sooner discovering the forgery. The Court of Civil Appeals held that the depositor owed no duty to examine the indorsement, and could not therefore be charged with negligence for failure to do so. There was no question but that the depositor promptly notified the bank upon learning that the indorsement was forged. In rendering judgment for the depositor the Court merely reannounced and followed a rule of general acceptance, stated in 3 R. C. L., p. 535, Sec. 165, in this language:

"The duty imposed upon the depositor to examine his pass book and vouchers does not extend to an examination of the signatures of the payees on the returned vouchers, as it is the duty of the bank to determine the genuiness of a payee's indorsement, and the depositor is not expected to know his signature, and the fact that an agent in the employ of the depositor has forged the payee's indorsement does not affect the rule."

In addition to the authorities cited in the opinion of the Court of Civil Appeals we cite the following: 6 Tex. Jur., p. 308, Sec. 159; 7 C. J., p. 608, Sec. 415; Texas Bank & Trust Co. of Sweetwater v. Withers, 60 S. W. (2d) 1061; Case notes in 15 A. L. R., p. 166, and 28 A. L. R., p. 1437.

The application for writ of error seems not to question the correctness of the general principle announced, but denies its application because of the intervention of an estoppel. Obviously, if the defendant in error owed no duty to examine the indorsement, and was, for that reason, not guilty of negligence by delaying to do so, for the same reason it is not estopped to assert the liability of the bank. The only basis of the plea of estoppel is the finding that the depositor was negligent, and a determination that it was not negligent is necessarily a determination that an estoppel cannot be invoked against it. The principle of estoppel in pais may be invoked against a party only when he has failed to do that which it was his duty to do.

He cannot be estopped because of his failure to do that which he owned no duty to do.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court May 13, 1936.