Appellant's motion for a rehearing is overruled.

**BARRY v. PATTERSON et ux.**

No. 15092.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 9, 1949.

Melville E. Peters, Wichita Falls, for appellant.

Davenport & Anderson and Henry J. Anderson, Wichita Falls, for appellees.

SPEER, Justice.

This appeal is from an adverse judgment entered on a special issue verdict in a suit by Pat Barry against J. C. Patterson and his wife, Clara Belle Patterson, son-in-law and daughter respectively of plaintiff, to recover $2,231.74. The parties will bear the same designation here as in the trial court.

Plaintiff's petition, with its two counts, exhibits attached and supplemental pleadings, cover 32 pages in the transcript and but for plaintiff's helpful summary of the issues as contained in his brief the pleadings would have presented a very complicated situation.

In so far as is necessary to state, in a disposition of this appeal, it is sufficient to say that plaintiff sought to recover moneys he claims to have advanced to and for the benefit of the defendants. By his pleadings and in his brief before us, he places the items sued on in three groups as follows: (1) Moneys paid to the holder of a first vendor's lien note which defendants

had assumed to pay; (2) moneys advanced by plaintiff at the request of defendants to and for them as itemized in his second count of the petition; and (3) moneys advanced to and for defendants as shown in his supplemental petition.

Defendants' answer consisted of a general denial and specially that the items set out in plaintiff's petition were gifts made by plaintiff to defendants at a time when plaintiff was endeavoring to help defendants get started in the world after the son-in-law was released from the Army in a similar manner to what plaintiff had done with others of his children, and that such advancements were not loans or other kinds of advancements to be repaid. There is what we construe to be an alternative plea in the answer to the effect that if it be found that such sums were not gifts that plaintiff had boarded with defendants nearly two years and defendants were entitled to be credited on any amount of plaintiff's recovery with a stated sum for board.

After the above answer was filed, plaintiff filed a supplemental petition and claimed many items aggregating $1735.62 as further sums so paid to and for defendants.

At the trial defendants admitted that plaintiff had issued his checks for many of the items he claimed in each of the three groups above mentioned and that they got the benefit of such as they admitted, but claimed they were gifts by plaintiff and not loans or other kinds of advancements to be repaid. These admissions obviated the necessity of plaintiff's procuring a jury finding thereon as to the items confessed by defendants and left only the fact issue of whether or not they were gifts.

The court in his charge defined the elements of a gift and no objection was made to the definition given. The court submitted three special issues, each of which inquired if the moneys advanced by plaintiff in the respective three groups or classes above mentioned were gifts. The jury answered each issue in the affirmative.

Plaintiff made no objection in any form, neither to the court's submitting the case on fact issues nor to the manner of the issues submitted; nor did either party request the submission of other or additional issues or definitions.

After a verdict was received, plaintiff filed a motion for judgment non obstante veredicto, based upon lengthy allegations and arguments that there was no testimony of probative value to support the verdict and also that the verdict was contrary to the evidence, was insufficient to support the verdict and therefore an instructed verdict in his favor should have been given. The motion was overruled and plaintiff complied with all rules necessary to perfect this appeal.

In a preliminary statement in his brief, plaintiff frankly and concretely says: "The sole question before the appellate court is, were the items advanced by plaintiff to defendants advanced as loans to or for them or as gifts to them?" Plaintiff relies upon eleven lengthy points of assigned error. They are entirely too long to copy here, but as best we can understand them by a careful study of his arguments thereunder they may be reduced to four contentions as follows: (1) Refusing to sustain his motion for judgment non obstante veredicto; (2) there is no evidence (and the evidence is insufficient) to support the verdict; (3) there were no pleadings by the defendants to support their contention of a gift of the items set out in plaintiff's supplemental petition inquired about in the third special issue; and (4) the controlling issue in the case made by defendants' answer was whether or not the transactions between the parties were contractual for a consideration.

■ Referring briefly to the fourth phase of the case as classified by us, it may be said that the short alternative plea by defendants in regard to an offset for board of plaintiff was made contingent only upon a finding that the advanced moneys did not constitute gifts. Furthermore, such defense as that pleading may have raised was obviously abandoned by defendants since they made no request for its submission to the jury. All matters pertain-

ing to an express or implied contract for a consideration and its performance or nonperformance went out of the case. For these reasons the assigned point must be overruled.

Much argument and many authorities are cited in plaintiff's brief on various phases of his first and second points, which complain of the overruling of his motion for judgment non obstante veredicto. He argues that there was no testimony to support the jury's verdict and under another point that the evidence was insufficient to support or warrant the submission of an issue inquiring if plaintiff's advancements were gifts as found by the jury.

There are incidents revealed by the record which indicate plaintiff's apparent resentment, if not vindictiveness, against defendants, perhaps as a result of his age and station in life, which may have had some influence upon the jury in determining the involved issues. These things need not be set out here. It is well to note some, but not all, of the trends of the testimony, conflicting as it is, which apparently brought about this unfortunate breach between father and daughter. Plaintiff is a man 76 years of age; has been single for a number of years; has nine children, all of full age. He is a man of some means; has 1,000 acres of land in Clay and Archer Counties, upon which there are seventeen or eighteen producing oil wells and receives royalty of approximately $800.00 per month; he had in the past generously provided for some of his children in the way of homes and automobiles, the defendant daughter said she knew all of this. The defendant son-in-law was in the Army and was to be released soon and would return to join his family consisting of his wife and two little boys, and another child was expected soon; in the husband's absence the wife was receiving $80.00 per month from the Government and she worked part time in a restaurant at $20.00 per week, leaving her children with others. She said her father gave her small sums of money during this time and continued to do so after the return of her husband; that she appreciated these kindnesses and their relationship was quite pleasant. Shortly before the husband returned from the Army, plaintiff purchased a house, paid $1500.00 cash and gave an installment vendor's lien note for $2250.00. Upon the return of the husband plaintiff conveyed the property to defendants, they assuming to pay the original vendor's lien note, and gave back to plaintiff their note for $1500.00, secured by a second lien on the property. Plaintiff lived with defendants for some months and knew their financial circumstances. The husband was unemployed for a while and his first job was for small wages. Installments became due on the original vendor's lien note, plaintiff knew defendants could not pay them and without request from either of the defendants he paid those installments to the extent of approximately $482.00; he said, to protect his security of the second lien. The defendant husband later procured employment in the oil field at approximately $50.00 per week and was thereafter financially able to meet his current bills, but periodically since his return plaintiff had continued to deliver to the daughter checks and in some instances to pay her bills. Both defendants knew of this but say they did not request plaintiff to do any of it; that they did not really need it but knew what plaintiff had done for the other brothers and sisters and thought plaintiff's advancements were gifts as he had done with the others; that they would not have accepted plaintiff's generosity if they had known he expected to be repaid. Plaintiff said in substance that he never at any time told defendants that his advancements were either gifts or loans, that "nothing was said about either." The defendant daughter testified in effect that she knew of her father's property and his royalty income and thought he was able to do all these things as he had done with others of her brothers and sisters and that this knowledge also prompted her to think they were gifts.

Later the house was ruined by fire. Defendants collected the insurance money and paid the balance of the original ven-

dor's lien note. That they contracted to sell the burned house and lot for $2500.00, out of which they expected to pay plaintiff's second lien note for $1500.00, which was not yet due. Plaintiff learned of the proposed sale and requested defendants to not sell the property but to reconvey it to him for "what he had in it." This defendants declined to do. This suit followed and what had previously been their very friendly relationship ended. The proposed purchaser of the burned house was induced to cancel his contract of purchase and so the matter stands.

■ We now go back to plaintiff's first point of error (as grouped by us), which we think presents the controlling point in this case, that is: Was there any evidence or was there sufficient evidence to warrant the submission of the issue of gift to the jury concerning the items upon which plaintiff's suit is based? Of course if there was no evidence or if the evidence was insufficient to make a jury issue, plaintiff's motion for judgment non obstante veredicto should have been sustained; while, upon the other hand, if there was evidence requiring the submission of the issue to the jury it was properly overruled.

■ As we view the evidence in this case, some of which we have pointed out above, it presents the contentions of the respective parties, one in direct conflict with the other. It is the generally accepted rule of law in this state that where the testimony is conflicting, as in this case, and would support a jury verdict either way, it is the province of the jury to reconcile such conflict if it can be done, but if not then to render verdict in favor of the side to which the jury gives the greater weight and credence. This is true even though it should appear that the verdict is against a preponderance of the testimony. The appellate court may not set aside the jury findings on conflicting testimony and substitute its own judgment for that of the jury unless the verdict is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong. 3 Tex.Jur., pp. 1096–1097, secs. 768–769,

and cases cited in footnote; for later cases see Texas Cotton Growers Association v. McGuffey, Tex.Civ.App., 131 S.W.2d 771, writ denied, w. o. j.; McCarroll v. Lakey, Tex.Civ.App., 157 S.W.2d 963, writ refused, w. m.; State v. Dickey, Tex.Civ.App., 158 S.W.2d 844, writ refused, w. m.; Traders & General Insurance Co. v. Scott, Tex.Civ.App., 189 S.W.2d 633, writ refused, w. m.; McLean v. McCollum, Tex.Civ.App., 209 S.W.2d 959, error refused, n. r. e. If there is competent evidence to support the jury verdict, the appellate court will not set it aside and substitute its own judgment for that of the jury. Long-Bell Lumber Co. v. Bynum, 138 Tex. 267, 158 S.W.2d 290. All evidence must be considered by us in the light most favorable to the verdict. Rayburn v. Giles, Tex.Civ.App., 182 S.W.2d 9, error refused. Almost any material fact may be proved by circumstanital as well as by direct evidence in determining if the evidence was sufficient to support the verdict, as is the challenge here. In McLean v. McCollum, Tex.Civ.App., 209 S.W.2d 959, 960, error refused, n. r. e., the court laid down the rule that an appellate court will give "credence only to the evidence and circumstances favorable to the verdict and disregard all evidence and circumstances to the contrary." See also 3 Tex.Jur., 10 year Supp., p. 701, sec. 410. The same rule has long been applied where the contention is made that there is no evidence to support the verdict. Underwood v. Security Life & Annuity Co., 108 Tex. 381, 194 S.W. 585. It is only upon the theory that a verdict should have been instructed for plaintiff that the motion for judgment notwithstanding the verdict should have been sustained. Rule 301, Texas Rules of Civil Procedure. Applying the rules laid down in the cited authorities, it would have been error for the court to instruct a verdict for plaintiff in this case. We hold that the testimony and circumstances raised a jury issue and that the verdict should not have been disregarded. We overrule the assigned points raising the questions of their being no evidence and insufficient evidence to support the verdict.

Earlier in this opinion we grouped plaintiff's point ten and others referring to the same matter in what we called class or group 3. These points complained especially of special issue 3, inquiring if the items in plaintiff's Exhibit "A" contained in the supplemental petition were gifts. The complaint in the motion for new trial and here is that defendant filed no answer to that supplemental pleading and consequently no defense to these items could be proved, and further that the court should not have submitted said special issue No. 3 to the jury.

 The statement of fact shows unmistakably that defendant's counsel went extensively into the items contained in plaintiff's Exhibit "A" to his supplemental petition, inquired about in special issue No. 3. As originally plead, the items aggregated $1735.62. Defendants' counsel took up many of the items represented by checks and among those were six checks which aggregated $720.00, which the defendant J. C. Patterson specially denied were given for him or for the benefit of defendants. On cross-examination plaintiff's counsel again went over all the checks one by one with the defendants and apparently confessed those denied by Patterson should not have been included; when these checks are deducted from the original pleading there remains in the exhibit $1068.00. No objection was raised by plaintiff at any time to the testimony concerning these items on account of there being no pleadings thereon by defendants. What we have said in this connection is only to show that both parties went carefully and vigorously into all those items with the witnesses the same as they did all other items for which plaintiff seeks a recovery. Under Rule 67, Texas Rules of Civil Procedure, when issues not raised by the pleadings are tried by express or implied consent of the parties, they are to be treated as though they were raised by the pleadings. To avoid a misunderstanding of what we have just said, we add that the rule so announced is qualified to the extent that even though there were no objections raised to the testimony concerning the items in the supplemental pleadings, for lack of a defensive answer, yet if plaintiff had objected to the submission of special issue No. 3 inquiring about those items, his failure to object to the testimony would not be construed as if the issue was tried upon implied consent of the parties. Harkey v. Texas Employers Ins. Ass'n, 146 Tex. 504, 208 S.W.2d 919, 922. As before stated however, no objection was made by plaintiff to the submission of the issue and the exception to the announced rule has no application here. It has been held many times that failure to object to testimony because there are no pleadings to support it is the equivalent of a trial of such issues upon implied consent of the parties. Since the promulgation of our rules of civil procedure, the question now before us has been before the courts many times. Our Supreme Court has gone fully into the construction of Rule 67, T.R.C.P., and has held that where a defendant wholly fails to file an answer, if the parties appear and try the case on certain issues without any objection of plaintiff that defendant has filed no answer, the lack of pleadings may not be raised for the first time in the appellate court. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562. While the cited case was tried without a jury, we can perceive of no reason why it would not apply in jury cases; nor do we believe a plaintiff could, under our procedure, impliedly consent that an issue be tried without written pleadings, permit such issue to be submitted to the jury without objection, speculate on the result and when the issue is found against him, effectively raise the question of no pleading by motion for new trial.

We have carefully considered all the points of error raised, the arguments made thereunder, and while we have not discussed them in the order found in the brief, we have concluded that no reversible error is presented and that the judgment of the trial court should be and it is hereby affirmed.