REPUBLIC NATIONAL BANK OF
DALLAS et al., Appellants,

v.

SOUTHERN BROKERAGE COMPANY,
Appellee.

No. 13614.

Court of Civil Appeals of Texas.

San Antonio.

Aug. 1, 1960.

Rehearing Denied Aug. 31, 1960.

**296**

Coke & Coke, Leachman, Gardere, Akin & Porter, Dallas, for appellants.

Billings & Donavan, Dallas, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Southern Brokerage Company in the District Court of Dallas County, 14th Judicial District of Texas, on August 4, 1958, against Republic National Bank of Dallas, First National Bank in Dallas, Polly Jones, and her husband, Jerry D. Jones. Judgment was rendered by default against Polly and Jerry D. Jones, and they are not parties to this appeal. Upon a motion for summary judgment by Southern Brokerage Company, judgment was rendered in its favor in the sum of $18,699.16 against First National Bank, and in favor of First National Bank over and against Republic National Bank in the sum of $17,897.84; from which judgment both banks have prosecuted this appeal.

The facts are that Southern Brokerage Company, hereinafter referred to as Brokerage Company, issued a number of checks in various sums amounting to a total of $18,699.16. Polly Jones, at that time an employee of Brokerage Company, forged the endorsement of the payee on each of these checks and deposited $17,897.84 in the Re-

public National Bank, hereinafter referred to as Republic, and the balance, amounting to $801.32, in the First National Bank, hereinafter referred to as First National. The checks deposited in Republic were sent on to First National with Republic's guarantee of all prior endorsements. First National denied liability upon these checks, but asked in the event it was held liable that it have judgment over and against Republic upon all checks bearing its guarantee of all prior endorsements.

Appellant First National contends that the trial court erred in granting a summary judgment against it because there were the following genuine fact issues to be decided, to-wit:

"1. That Appellee's negligence is the proximate cause of the course of conduct of Appellant First National Bank in Dallas, which negligence of the Appellee misled said Bank and thereby caused the loss involved herein, and therefore Appellee, Southern Brokerage Company, is now estopped in making any just claim against Appellant First National Bank in Dallas.

"2. That said checks were made payable to fictitious or nonexistent persons and that the same were issued for, delivered to and for the use and intended benefit of said Polly Jones and that said checks were therefore payable to bearer and said Appellant First National Bank in Dallas is not liable thereon.

"3. That Appellee's cause of action is barred by the one and two year statutes of limitation."

These three contentions were raised in Liberty Mutual Ins. Co. v. First National Bank in Dallas, 151 Tex. 12, 245 S.W.2d 237, 239, and all three were decided by the Supreme Court, Justice Calvert speaking, against First National's contention here. It would add nothing to here repeat what Justice Calvert so clearly stated in that opinion. First National attempts to distin-

guish that case from this case because the opinion contains the following obiter dicta:

"Moreover, there is no evidence here that greater diligence would have led to an earlier discovery of the fraud. The testimony of Hill—the only testimony on the question—was to the effect that the files had been so cleverly faked that an examination thereof would not have brought to light the spurious nature of the claims. Not knowing the signatures of the various payees in the checks an inspection of the cancelled checks would not have reflected the forged endorsements. We do not agree with respondent that the judgment in its favor can be sustained on this ground."

This statement in no way takes away from the clear holding of the Court to the effect that a maker of a check is not required to examine the endorsement of the payee on a check, and failure to do that which the drawer is not required to do cannot constitute negligence. We overrule these three contentions on authority of the above opinion. See, also, Liberty State Bank v. Guardian Savings & Loan Ass'n, 127 Tex. 311, 94 S.W.2d 133.

This brings us to a consideration of the brief of Republic. The first two points of Republic raise academic questions because the trial court did not render judgment against it in favor of Brokerage Company either directly or indirectly, and therefore those points are overruled.

Republic's third point is the only remaining one to be considered. It reads as follows:

"The trial court erred in granting any judgment against appellant Republic in favor of appellant First National because appellant Republic was not liable on the direct action of appellee Southern Brokerage and appellant First National sought no recovery itself against appellant Republic by

way of separate motion for summary judgment."

It is the conclusion of the writer of this opinion that this point should also be overruled. The majority of this Court, in an opinion written by Justice Pope and concurred in by Justice Barrow, holds that this point should be sustained and that the judgment in favor of First National against Republic should be reversed and remanded. This majority opinion will be handed down along with this opinion.

I deem it proper to here state why I differ from the opinion of the majority. The majority assert that First National did not file a motion for summary judgment and that the judgment was not one by default. Let us see what the record shows.

On May 26, 1959, Southern filed its motion for a summary judgment against both First National and Republic, which the trial court set for hearing on June 12, 1959.

On June 10, 1959, First National filed its answer to such motion for summary judgment, the second paragraph of which reads as follows:

"That the First Amended Original Answer of Defendant First National Bank in Dallas and Cross Action against Republic National Bank of Dallas filed herein, that same are hereby referred to and made a part hereof, and the issues of fact set forth therein are herein and hereby adopted."

Referring to said First Amended Original Answer, we find the following:

" * * * that said Defendant First National Bank in Dallas recover of and from said Defendant Republic National Bank of Dallas any and all sums which said Defendant First National Bank in Dallas may be required to pay to said Plaintiff upon final judgment being rendered herein, with respect to all of the aforesaid checks guaranteed by said Defendant Republic National Bank of Dallas, together with its costs; * *."

Brokerage Company's motion for summary judgment contained the following paragraph:

"II. If Summary Judgment be not rendered in plaintiff's favor upon the whole case, or for all the relief asked, and a trial is necessary, that the Court, at the hearing on the Motion, by examining the pleadings and the evidence before it and by interrogating counsel, ascertain what substantial facts exist without substantial controversy and what material facts are actually and in good faith controverted, and thereupon make an Order specifying the facts that appear without substantial controversy, and directing such further proceedings in the action as are just."

This request is in keeping with the provisions of Rule 166-A(d), Texas Rules of Civil Procedure.

On June 19, 1959, Republic filed its reply and controverting affidavit to Brokerage Company's motion for summary judgment but filed no answer to First National's cross-action against it or any exceptions as to its sufficiency as a pleading.

Upon the hearing of Southern's motion for summary judgment, with all parties present and participating, the trial court found that Brokerage Company was entitled to summary judgment against First National but not against Republic, presumably because the guarantee of prior endorsements did not inure to the benefit of Brokerage Company but only to First National. In further searching the record, as the trial court is required to do under Section (d) of Rule 166-A, supra, we must presume that the court found there was no fact issue as between First National and Republic, because Republic had failed to file a written answer to First National's cross-action against it and had made default. In this situation the trial court granted First National's motion for judgment upon its cross-action and rendered judgment against Republic upon the checks bearing its guarantee of prior endorsements.

The affidavits on file herein, together with the failure of Republic to answer the cross-action of First National, are sufficient to conclusively establish that Republic did cash these checks, amounting to the total principal sum of $17,897.84, upon the forged signature of the payee in each check and forwarded them to First National with all prior endorsements guaranteed, including the forged endorsement of each payee. Under such circumstances Republic is indebted to First National for the loss it has sustained. Morris Plan Bank of Fort Worth v. Continental Nat. Bank of Ft. Worth, Tex.Civ.App., 155 S.W.2d 407; First National Bank of Winnsboro v. First Nat. Bank of Quitman, Tex.Com.App., 299 S.W. 856; National Metropolitan Bank v. U. S., 323 U.S. 454, 65 S.Ct. 354, 89 L.Ed. 383. Republic has not even at this late date suggested any valid defense that it can have to this absolute liability on its guarantee of prior endorsements, or any legal excuse for not filing an answer to such cross-action. We have been cited to the case of Aetna Casualty & Surety Co. v. Corpus Christi Nat. Bank, Tex.Civ.App., 186 S.W.2d 840, in which this Court held that the collecting bank was not liable on its endorsement to the drawee bank, because the drawee bank had induced the collecting bank to pay the raised check by assuring it that the check had been paid by drawee bank, and therefore it was estopped to hold the collecting bank on its endorsement. Nothing of this kind is even suggested herein. Our holding in that case should be confined to the peculiar facts therein and can never be authority for a holding that a collecting bank is not bound by its guarantee of a prior forged endorsement, except upon proof that the collecting bank is estopped to rely upon its guarantee.

Republic did plead estoppel in paragraph IV of its answer, as follows:

"Plaintiff was guilty of negligence and fault in the following respects in

connection with the checks charged to its account in First National Bank in Dallas, to-wit:

"(a) in setting up a system of issuing its checks and examining its returned checks which was poor and afforded its employee the opportunity and temptation to issue checks which such employee could cash and could remove after the cancelled checks were returned, and in failing to maintain an adequate system of accounting by which its loss might have been avoided.

"(b) In entrusting to one of its employees alone all matters pertaining to the preparation of the data upon which its checks were issued, the actual drawing of the checks for signature, the delivery of the checks, and the examination and filing of the cancelled checks after they were returned, and in entrusting all matters relating to the forgery or the detection of such forgery to one person without any restraint or verification.

"(c) In not discovering that its employee had personally endorsed sixteen of the checks in question which showed that large sums of money were going to or through such employee, that the handwriting on the various endorsements on the checks in question was similar and that the checks were payable to persons to whom plaintiff was not indebted, with all of which facts plaintiff was chargeable and from which failure plaintiff cannot escape by the excuse of reliance upon an unreliable employee.

"(d) In not having a system whereby the leak would have been discovered immediately, but in having a system enabling the alleged forgeries to go undetected.

"(e) In not checking the purported stock transactions before issuing checks therefor.

"(f) In employing and trusting a person who would forge endorsements.

"(g) In not comparing its returned checks with completed transactions, particularly those checks which set forth bogus transactions on their face.

"(h) In signing checks payable to payees to whom plaintiff was not indebted.

"(i) In not having checks and balances to determine whether money owed by plaintiff was being paid out by plaintiff.

"(j) In issuing checks for stock not bought or sold.

"(k) In not discovering that checks were being issued to payees to whom plaintiff was not indebted.

"(l) In issuing checks without ascertaining whether plaintiff was indebted to the payees thereof.

"(m) In failing to ascertain the genuineness of the endorsements which caused the loss and in particular those endorsements made in the names of persons with whose signatures plaintiff was familiar.

"(n) In not having audits made earlier, particularly in view of the fact that plaintiff's motion for summary judgment shows that upon examination of the books and records, it was found that certain checks had been deposited in the bank account of Polly Jones.

"(o) In entrusting the duty of checking the correctness of its cancelled checks and the genuineness of the endorsements thereon to a dishonest employee."

All of these defenses do not constitute an estoppel against Brokerage Company and certainly show no reason why Republic should not be held upon its guarantee of prior endorsements to First National. They really demonstrate that as between it and

First National it has no defense. Liberty Mut. Ins. Co. v. First Nat. Bank in Dallas, 151 Tex. 12, 245 S.W.2d 237; Liberty State Bank v. Guardian Savings & Loan Ass'n, 127 Tex. 311, 94 S.W.2d 133.

In National Metropolitan Bank v. United States, supra, the Court said [323 U.S. 454, 65 S.Ct. 355]:

"In the latter case, we pointed out that the National Exchange Bank case stood for the rule that prompt discovery of fraud was not a condition precedent to suit in cases like this. The National Exchange Bank case presented a situation where 194 government checks had been issued over a period of ten years as a result of forged vouchers. There as here, proper examination and supervision by government officials would have uncovered the frauds and thereby prevented or reduced the loss. The collecting bank defended there as here on the ground that the government's failure to discover the fraud should absolve the collecting bank from liability. This Court, applying the general law merchant, rejected the defense. The rule there applied, as pointed out by the court below in Washington Loan & Trust Co. v. United States, supra, has been almost unanimously accepted by State and federal courts. No persuasive reasons have been suggested to us why it should not be accepted as the general federal rule."

The rule seems to be universal that the negligent failure of the maker of a check to sooner discover that payee's name has been forged does not relieve a collecting bank from its liability to the drawee bank upon its guarantee of prior endorsements.

The majority rely strongly upon the cases of Bednarz v. State, 142 Tex. 138, 176 S.W. 2d 562, and Barry v. Patterson, Tex.Civ. App., 225 S.W.2d 864. I feel that these cases support my position here. Republic is here in the same position that the State was in in the Bednarz case. Republic, like the State there, is trying on appeal to raise the question of no pleading and insufficient pleading when no such question was raised below. First National would have been entitled to amend its affidavit if exceptions to it had been sustained. Rule 166–A(e); De La Garza v. Ryals, Tex.Civ.App., 239 S.W.2d 854. If Republic felt that First National's motion for judgment against it was defective as a motion for summary judgment, it should have raised the question below or have such objection regarded as waived by it under Rule 67, T.R.C.P.

When the trial court decided to grant Brokerage Company's motion against First National, it then became the court's duty to search the record to see if the entire case could be disposed of or whether there remained other fact issues to be decided. Rule 166–A(d), T.R.C.P.; Boucher v. Texas Turnpike Authority, Tex.Civ.App., 317 S.W.2d 594; Davis v. State, Tex.Civ.App., 321 S.W.2d 636. When the court found the record as above set forth, it became its duty to render the judgment it did against Republic. The very purpose of Rule 166–A, supra, is to expedite the disposition of cases where there are no issues of fact presented.

If the court erred in treating First National's motion as one for a summary judgment it certainly did not err in treating it as a motion for judgment nil dicit or by default. It has been held that a motion for a summary judgment is not a motion for a default judgment so as to cut off defendant from filing a tardy answer, City of Des Moines v. Barns, 237 Iowa 6, 20 N.W.2d 895, but where the court proceeds to render a nil dicit or default judgment then it will be presumed that plaintiff made motion therefor. Such motion does not have to be in writing and may be made orally. We will not presume that no such motion was made in order to reverse an otherwise perfectly justified nil dicit or default judgment.

The effect of this judgment nil dicit is well stated in 25 Tex.Jur. p. 420, § 53, reading as follows:

"Effect.—A judgment *nil dicit* imports a waiver of all objections to the service and return of process and of mere irregularities of form in stating the cause of action and incidental facts. It carries an admission of the cause of action substantially stated in the petition. Submission to such a judgment is an abandonment of every known defense or any defense which ordinary diligence could have disclosed. In other words, a party who permits a judgment *nil dicit* impliedly confesses judgment and waives all errors in pleading or proof, not fundamental or jurisdictional in character, except those which the record shows were not intended to be waived."

If the court erred in rendering judgment against Republic, then under the provisions of Rule 434, T.R.C.P., it was harmless error, because if we should set this judgment aside there is no reason to believe that a different judgment would be rendered upon a trial upon the merits. Before a default judgment will be set aside, the defendant must show a meritorious defense to plaintiff's cause of action.

That part of the trial court's decree which renders judgment in favor of Southern Brokerage Company against First National Bank in Dallas will be affirmed, but, in keeping with the majority opinion, that part of the decree which renders judgment in favor of First National against Republic will be severed, reversed and remanded to the trial court for further action. Hamilton v. Prescott, 73 Tex. 565, 11 S.W. 548; Stanton v. Security Bank & Trust Co., Tex. Com.App., 244 S.W. 593.

POPE and BARROW, Justices.

■■ The trial court properly granted a motion for summary judgment in favor of Southern Brokerage Company against First National Bank in Dallas. The trial court should not, however, have granted a summary judgment in favor of First National Bank in Dallas against Republic National Bank. The chief reason that the court should not have granted such a judgment, is that no motion for summary judgment has ever been made by First National Bank in Dallas against Republic National Bank. First National Bank has never given notice of such a motion. Republic has never been called upon to defend against such a motion. We simply have a situation in which both First National and Republic appeared and defended against a motion for summary judgment made by Southern Brokerage Company, and the court granted that motion and another one that has never been filed.

■ There is no way to make a summary judgment motion out of the answer filed by First National. First National in its pleading by way of defense against Southern's motion, tells us distinctly that it filed "its answer in reply to Plaintiff's Motion for Summary Judgment and attaches hereto its Controverting Affidavit with respect to Plaintiff's Motion for Summary Judgment filed herein, * * *." All that it then pleads is by way of answer to the only motion for summary judgment ever made. Then, in its prayer, First National Bank again tells us the same thing, saying "Defendant First National Bank in Dallas prays that since there are numerous genuine fact issues involved in this case that Plaintiff's (Southern Brokerage) Motion for Summary Judgment be in all things denied." Before the court can grant a motion for summary judgment, there must be a motion filed. Republic appeared on a motion served upon it by Southern Brokerage and defended it successfully. However, it walked out of court with a victory on the motion filed, and a judgment against it on a motion that has never been filed or urged.

■ First National argues that it was entitled to a default judgment in any event. The point is that the trial court did not

302

grant a default judgment, but specifically stated that it granted a summary judgment. Only after appeal from the summary judgment has it been suggested that First National was entitled to a default. If First National is entitled to a default, it must receive it in the trial court, and it has not obtained one there. On appeal it is too late to urge a judgment by default. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562; Barry v. Patterson, Tex.Civ.App., 225 S.W.2d 864.

We therefore affirm that part of the judgment which granted a judgment in favor of Southern Brokerage Company against First National Bank in Dallas, but sever and reverse and remand that part of the judgment which granted judgment for First National against Republic National Bank of Dallas. Hamilton v. Prescott, 73 Tex. 565, 11 S.W. 548; Stanton v. Security Bank & Trust Co., Tex.Com.App., 244 S.W. 593.