Jimmie JOHNSON, Appellant,

v.

FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellee.

No. 4000.

Court of Civil Appeals of Texas.

Eastland.

Nov. 19, 1965.

Phelps, Kilgarlin & Snell, Bill Kilgarlin, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, James B. Sales, Houston, for appellee.

COLLINGS, Justice.

Jimmie Johnson brought suit to recover workmen's compensation benefits from Firemen's Insurance Company of Newark, New Jersey, because of an alleged accidental injury sustained by plaintiff on February 19, 1964, while working for the Pena Construction and Engineering Company. The defendant insurance company answered by a general denial and further that the policy of workmen's compensation insurance which it had issued to the Pena Construction and Engineering Company was not in force on the date of plaintiff's alleged injury. The defendant filed a motion for summary judgment with supporting affidavits asserting that such policy of workmen's compensation insurance was not in effect, but had been cancelled prior to plaintiff's alleged injury. Defendant's motion for summary judgment was granted. The plaintiff Jimmie Johnson has appealed.

Appellant presents two points, contending that the court erred in granting appellee's motion for summary judgment (1) in that the court erroneously concluded that the policy of workmen's compensation insurance issued by appellee was not in force and effect on the date of his alleged accidental injury and (2) because appellee should be equitably estopped from raising the defense of cancellation of the policy prior to injury.

It is undisputed that appellee issued a policy of workmen's compensation insurance to appellant's employer, Pena Construction and Engineering Company for a period of one year commencing on May 31, 1963. The evidence shows that Pena Construction and Engineering Company thereafter defaulted in payment of premiums due under the policy and that appellee's agent on August 22, 1963, mailed notice of cancellation to appellant's employer. The cancellation notice indicated that the workmen's compensation insurance policy was cancelled effective September 2, 1963. Appellant's injury occurred on February 19, 1964, while he was working for his said employer. Appellant duly filed his claim for compensation with the Industrial Accident Board.

Appellant's contention that the policy of workmen's compensation insurance in question was still in force and effect on the date of his accidental injury is based upon the undisputed fact that appellee insurance company had not at the time of the accidental injury given notice to the Industrial Accident Board of the cancellation of the insurance policy. The Industrial Accident Board effective as of August 31, 1961, enacted certain rules, among which are rules 2.02 and 2.03. Rule 2.02 provides: "When any endorsement, cancellation or other change is made, such notice shall also be filed immediately with this board." Rule 2.03 reads: "For the purpose of hearings, all policies shall be considered in effect until a cancellation notice is received by the board. It shall be the primary responsibility of the insurance carrier to assure that a copy of the cancellation notice is furnished immediately to the board." Article 8307,

Section 4, Vernon's Ann.Tex.Civ.St., provides: "The Board may make rules not inconsistent with this law for carrying out and enforcing its provisions."

Appellant contends that the above quoted rules implement Articles 8307 and 8308, V.A.T.C.S., and that the Board is within its right in adopting such rules as will enable it to carry out the workmen's compensation law.

It is well established that the Workmen's Compensation Act vests neither legislative nor judicial power in the Industrial Accident Board. The limited authority conferred on the Board is recognized by our Supreme Court in Middleton v. Texas Power and Light Company, 108 Tex. 96, 98, 185 S.W. 556. In that case our Supreme Court states:

" * * * It (the Workmen's Compensation Act) vests no judicial power in the Industrial Accident Board which it creates. That Board is but an administrative agency provided for the proper execution of the Act."

It has also been held that regulations promulgated by the Industrial Accident Board cannot operate to impose conditions or requirements in excess of or inconsistent with the provisions of the statute. Kelly v. Industrial Accident Board, Tex.Civ.App., 358 S.W.2d 874, (Error Ref.); Bailey v. Texas Indemnity Insurance Company, Tex. Com.App., 14 S.W.2d 798. Appellant specifically urges Article 8308, Sections 18a and 20 in support of his contention that rule 2.02 and rule 2.03 of the Board are within the power granted to the Board by the Legislature. We cannot, however, agree with appellant's contention that the Industrial Accident Board, as a part of its rule making authority to implement the Workmen's Compensation Law, may provide procedural requirements concerning cancellation of insurance policies such as here involved. The question of whether an insurance carrier should file cancellation notice with the Industrial Accident Board as a prerequisite to cancellation of a policy is a matter for legislative consideration. The requirements imposed by rules 2.02 and 2.03 are in excess those imposed by the statutes and are inconsistent with the general laws of this state. In Burton v. I. C. T. Insurance Company, Tex.Civ.App., 304 S.W.2d 292, it was held that rules 2.02 and 2.03 could not invalidate cancellation by an insurance carrier. We agree with the holding in that case. Article 8308 does not require the insurance carrier to notify the Industrial Accident Board of the cancellation of one of its policies. Article 8308, Section 18a, does require an insurance company upon the issuance of a policy of compensation insurance to report the same to the Board, giving the name of the employer, his place of business, character of business, approximate number of employees, estimated amount of payroll, date of issuance and date of expiration of the policy of insurance, but the statute does not require the insurance carrier to notify the Board of the cancellation of a policy. Article 8308, Section 20, requires an employer who ceases to be a subscriber to give notice of such fact to the Board on or before the date upon which the policy expires, but this provision of the statute does not require the insurance carrier to notify the Board of the cancellation of the policy.

Appellee had the right under the laws of this state and its contract with appellant's employer to cancel its policy of workmen's compensation insurance when Pena Construction Company failed to pay its premiums thereon. The statute does not require an insurance carrier upon the cancellation of a policy to file cancellation notice with the Industrial Accident Board. A rule by the Board so providing is contrary to the general laws of this state and to the contract between the parties. In our opinion such rule is also inconsistent with the statute. The Board has no authority to promulgate a rule which maintains such a policy of insurance in effect until the insurance carrier has filed a cancellation no-

tice with the Board. Appellant's first point is overruled.

Appellant also contends that the court erred in granting the summary judgment in favor of appellee insurance carrier urging that appellee should be equitably estopped from raising the defense of cancellation of a policy prior to injury. Appellant points out that appellee failed to notify the Board of such cancellation for a period of two months after appellant sustained his injury and for a period of six weeks after appellant filed his claim with the Board. Appellant's contention is, in effect, that appellee's failure to file cancellation notice with the Board amounts to a representation that its policy was still in force and effect. Appellant further points out that appellee on April 8, 1964, requested an examination of appellant by a physician of appellee's choosing. Appellant urges that such a request could only be construed as implying that appellee was the insurance carrier of appellant's employer and that such insurance was in force and effect. Appellant urges that he has suffered detriment because of such conduct on the part of appellee.

There is no evidence showing any affirmative representation by appellee that the compensation insurance in question continued in effect until the time of appellant's accidental injury. Actually, appellant's contention is that the failure of appellee to file cancellation notice with the Board under the circumstances amounted to a representation sufficient to estop appellee from denying the continuation of the policy. We cannot agree with this contention. Appellee had no duty to file such notice with the Board or to inform appellant of the cancellation of its policy. Burton v. I. C. T. Insurance Company, supra; Kelly v. Industrial Accident Board, supra. In the absence of a duty to act silence and failure to act is not a basis for estoppel. Liberty State Bank v. Guardian Savings & Loan Association, 127 Tex. 311, 94 S.W.2d 133;

Elsesser v. Cotham, Tex.Civ.App., 250 S.W.2d 591.

The defense of estoppel is not applicable for the further reason that appellant has failed to establish that because of appellee's failure to file cancellation notice with the Board he has substantially altered his position to his detriment. Appellant's claim for any damages that he may be entitled to recover from his employer has not been barred by the statute of limitations, nor does the evidence show that he has suffered any substantial detriment because of his lack of knowledge of the cancellation of the policy. Concord Oil Co. v. Alco Oil & Gas Corp., 387 S.W.2d page 635, (Sup.Ct.); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. Even if appellee had filed notice of cancellation with the Board there has been no showing that appellant could or would have done anything which would have improved his position. Appellant's point urging equitable estoppel is overruled.

The judgment is affirmed.