

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
ATTORNEY GENERAL

December 16, 1974

The Honorable Ben Bynum
Chairman, Committee on Insurance
House of Representatives
Austin, Texas

Dear Representative Bynum:

Opinion No. H- 475

Re: Extent of the Comptroller's
authority to regulate com-
panies participating in the
State's deferred compensation
plan.

Your opinion request concerns the authority of the State Comptroller to
issue a specific regulation pursuant to his duty to administer the deferred
compensation program for public employees provided by Article 6252-3b,
V. T. C. S. The statute authorizes the use of deferred compensation plans
whereby public employees may defer part of their salaries for purposes of
investment in life insurance, fixed or variable annuities, or mutual funds.
V. T. C. S. art. 6252-3b, §1. Insofar as state employees are concerned,
the Comptroller of Public Accounts is authorized to enter into contracts
with employees to defer a portion of their salaries and to make the payment
of premiums on the investment item purchased. V. T. C. S. art. 6252-3b,
§§2, 5.

Section 1 of the statute authorizes the investment contract itself:

> The state or any county, city, town, or other
> political subdivision may, by contract, agree with
> any employee to defer, in whole or in part, any
> portion of that employee's compensation and may
> subsequently, with the consent of the employee,
> contract for, purchase, or otherwise procure a
> fixed or variable life insurance or annuity contract
> or mutual fund contracts for the purpose of funding
> a deferred compensation program for the employee,
> from any life underwriter duly licensed by this
> state who represents an insurance company licensed
> to contract business in this state.

However, the Comptroller has promulgated the following requirement which must be met by all life insurance companies and underwriters participating in the program:

> The Company represents that it is a life insurance company, licensed for business in Texas and that the Company has in its possession all licenses or contracts at law required by law to offer for sale all of the contracts authorized for purchase under the Deferred Compensation Plan and that each representative of the Company contracting state employees for participation in the plan will be licensed to sell and will counsel the state employee as to the benefits of, each type of investment contract authorized.

The Comptroller's regulation imposes additional material requirements for participation in the program beyond the requirements specified by the Legislature. In our opinion, section 1 of Article 6252-3b clearly provides that any duly licensed life underwriter and any life insurance company licensed to transact business in Texas can participate in the program. The Comptroller however, has in effect ruled that many such duly licensed underwriters and companies cannot participate since they do not <u>also</u> hold licenses or contracts which would permit them to sell mutual funds.

There is no authority expressly granted to the Comptroller in Article 6252-3b to issue rules or regulations. However, section 3 of the statute provides that "[t]he administration of the deferred compensation program shall be under the direction of the state comptroller or his designee . . . ." It is thus necessary to determine whether the grant of authority in section 3 to administer the program includes an implied power to issue the regulation in question.

A general rule of statutory construction, stated in <u>Terrell v. Sparks</u>, 135 S.W. 519, 521 (Tex. Sup. 1911) is that:

> Whenever a power is given by statute, everything
> necessary to make it effectual or requisite to
> attain the end is implied.  It is a well-established
> principle that statutes containing grants of power
> are to be construed so as to include the authority
> to do all things necessary to accomplish the object
> of the grant.  The grant of an express power carries
> with it by necessary implication every other power
> necessary and proper to the execution of the power
> expressly granted.  Where the law commands
> anything to be done, it authorizes the performance
> of whatever may be necessary for executing its
> commands. (citing Sutherland on Statutory Construc-
> tion, § 341)

See also Attorney General Opinion C-265 (1964).

However, the implied powers of an administrative body to effectuate the intent of a statute are limited.

> Although a statute conferring administrative
> authority will generally be liberally construed,
> the agency must not go beyond the clear intent
> of the legislature.  It may not enlarge its powers
> by its own orders, or exercise a power expressly
> conferred not upon it, but upon another agency or
> arm of government.  1 Tex. Jur. 2d, Administrative
> Law, § 6.

In our opinion, the intent of the Legislature in passing Article 6252-3b, expressed in unambiguous language and reflected in the committee debates of the House of Representatives, was to allow any licensed life under-writer who represents an insurance company licensed to contract business in Texas to participate in the deferred compensation plan program.  The Comptroller's regulation clearly runs contrary to this intent.

In Kelly v. Industrial Accident Board, 358 S. W. 2d 874, 876 (Tex. Civ. App. --Austin 1962, writ ref'd.) the court struck down an administrative rule, saying:

> . . . the *rules and regulations* . . . enacted by
> the administrative body may not impose additional
> burdens, conditions or restrictions in excess of or
> inconsistent with the statutory provisions.

See also Johnson v. Firemen's Insurance Co., 398 S.W.2d 318 (Tex. Civ. App. --Eastland 1965, no writ); and Attorney General Opinion M-609A (1970). The Comptroller's regulation imposes an additional burden in excess of the legislative intent since it requires that the life underwriter or insurance company be licensed to provide all *four types of deferred compensation plans,* and not just any one of the plans as the statute permits.

A rule of an administrative agency is void if it conflicts with the statute. Teacher Retirement System v. Duckworth, 264 S.W.2d 98 (Tex. Sup. 1954) (adopting the opinion of the Court of Civil Appeals in 260 S.W.2d 632). Since the Comptroller's regulation in this instance runs contrary to the intent of the statute in question and conflicts with the statutory requirements for participation in the deferred compensation program, it is our opinion that the regulation is void.

### SUMMARY

The regulation of the Comptroller requiring a life underwriter or insurance company to be licensed to provide life insurance, annuities and mutual fund contracts in order to participate in the deferred compensation plan authorized by Article 6252-3b, V.T.C.S., is void.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee