**UNIVERSAL CREDIT CO. et al. v. O'NEAL et al.**

**No. 5159.**

Court of Civil Appeals of Texas. Amarillo.

May 15, 1940.

S. L. Lewis, of Dallas, for plaintiffs in error.

G. E. Lockhart and W. R. Porter, both of Lubbock, for defendants in error.

JACKSON, Chief Justice.

The record shows that on November 25, 1938 D. O'Neal, in Washington, Missouri, purchased from H. M. Miller, doing business under the trade name of Miller Motor Company, one 1939 Model Ford De Luxe Tudor Sedan and paid $269.-40 of the purchase price in cash and executed and delivered a contract by the terms of which he promised to pay the Universal Credit Company at its office the balance of $630 in eighteen equal monthly installments of $35 each, the first due December 26, 1938 and one due on the 26th day of each month thereafter until the debt was satisfied.

This contract was, in effect, a note and chattel mortgage evidencing the deferred payments on the car and creating a lien thereon to secure the payment of the unpaid purchase price.

The provisions of this mortgage contract, material to this appeal, are in substance that the instrument constitutes the entire agreement between the parties; that the car was not to be used for hire and not to be removed from the State of Missouri without the written consent of

the mortgagee unless the indebtedness had been paid; provides that time is of the essence of the contract and failure to pay any installment when due, or if mortgagee deems himself insecure, the mortgage shall be in default and the payments remaining unpaid shall immediately become due at the election of the holder.

On the delivery of the automobile to Mr. O'Neal in Missouri he left and after having driven through several states arrived in Texas. He failed to pay the $35 installment due December 26th and on December 28th he left the car in Lubbock with the Lubbock Body and Fender Company on the insistence and by the direction of Mr. J. W. Livingston. The parties agreed in open court that the mortgage contract was executed by D. O'Neal and H. M. Miller; that the Universal Credit Company never had any right, title or interest in or to the contract or the automobile described therein; that J. W. Livingston in regard to the transaction of December 28, 1938 was acting as the agent of H. M. Miller and the Universal Credit Company relative to said transaction was acting for H. M. Miller.

The appellees, D. O'Neal and G. E. Lockhart, instituted this suit in the District Court of Lubbock County, Texas, and on February 10, 1939 filed a first amended original petition in which they sought to recover against the appellants, the Universal Credit Company and H. M. Miller, the sum of $1,299 as damages for the alleged conversion and loss of use of the automobile here involved in Lubbock on December 28, 1938.

They allege the purchase of the car from Miller by O'Neal, the cash paid by him, his execution of the chattel mortgage contract for the sum of $630 payable in monthly installments of $35 each; that before he purchased the automobile he advised appellant Miller that he was engaged in the business of selling magazines in various states, representing the Union Circulation Company of New York City; had under him at different times from three to five sub-agents from whom he received as a part of his compensation a commission of 50% of the sales made by each sub-agent; that it was necessary for him to use the automobile outside of Missouri and appellant Miller was advised thereof; that the contract he signed did provide that if the automobile was removed from the State of Missouri without written consent that the whole debt could be declared due and the automobile repossessed, but that appellant Miller knew before the sale that the business of O'Neal required him to use the car out of the state and sold the car with the understanding that it would be used in his business; that O'Neal was not in default but tendered the first $35 installment on December 26, 1938 and it was refused; that appellants did not repossess the car on account of any breach of the contract or default by him and they are therefore estopped to assert the right to take the car into their possession because of its removal from the State of Missouri or default in payment or for the reason that they deemed themselves insecure; that because of the unlawful acts of the appellants in taking possession of the automobile appellees were damaged in the sum of $799, the value of the car; that O'Neal was forced to abandon his contract with the Union Circulation Company, was unable to supervise his sub-agents and had to resume the work of a sub-agent himself; that he was making out of his business at the time of the conversion, clear of all expenses, $100 per week, and since the conversion on account of the loss of the use of the car he had been damaged $500.

The appellant Miller answered by general demurrer, numerous special exceptions, general denial, alleged the sale of the automobile in Washington, Missouri, to O'Neal for $899.40; acknowledged the payment in cash of $269.40; pleaded the chattel mortgage contract and the eighteen $35 monthly installments; that the Universal Credit Company refused to buy the mortgage contract; that O'Neal breached the contract by removing the car from the State of Missouri; was in default in his payments; and by reason of these breaches of the contract by O'Neal he felt insecure in the payments and peacefully repossessed the automobile; asked for the foreclosure of the chattel mortgage, for reasonable attorney's fees and for such relief as he was entitled to in law or in equity.

The Universal Credit Company urged a general demurrer, numerous special exceptions, general denial; pleaded in substance the facts alleged by appellant Miller, and in addition averred that it refused to purchase the contract, never acquired the debt or any interest therein, and dis-

claimed all right, title or interest in the automobile.

In response to special issues submitted by the court the jury found that J. W. Livingston took possession of appellee's automobile without his consent on the 28th day of December, 1938; that Livingston was acting for the Universal Credit Company in taking possession of the car; that the reasonable value of the car on said date was $725; that the Universal Credit Company knew at the time they took possession the purpose for which appellee was using the car; that H. W. Miller knew for what the car was used and knew before the sale of the automobile to appellee he would move the machine from the State of Missouri; that Miller did not take possession of the automobile because it had been moved from Missouri nor because appellee had failed to pay the installment on the 26th of December, 1938, nor because he felt unsafe and insecure in the payment of the installments; that appellee was damaged by being deprived of the use of the car the sum of $500.

On these findings the court rendered judgment against H. M. Miller and the Universal Credit Company in favor of D. O'Neal and G. E. Lockhart for the aggregate amount of $1,025 with interest at the rate of 6% per annum until paid, each of said parties to receive one-half of such aggregate sum. The court also allowed the Universal Credit Company a recovery against its codefendant, H. M. Miller, for any sum recovered against the Universal Credit Company, from which judgments this appeal is prosecuted.

The appellants challenge as error the sufficiency of the petition of appellees setting up the defense of estoppel and contend that the testimony introduced under such plea was in violation of the parole evidence rule.

█ The appellees admit that O'Neal executed and delivered the mortgage contract containing the stipulations which if breached authorized its maturity at the election of the holder thereof but claim that the appellants are estopped to urge such stipulations for the reason that Miller was advised and knew before the sale the business in which O'Neal was engaged; that such business was transacted outside of Missouri and would necessitate the removal of the car therefrom, and introduced testimony to sustain these allegations. The appellees did not plead fraud, accident or mistake. The parties were dealing as strangers. The written contract was executed after the oral negotiations for the purchase thereof and the information O'Neal claims to have given Miller. In our opinion, neither the pleading nor the proof was sufficient to constitute an estoppel since under this record Miller owed appellee O'Neal no duty to advise him that he or his assignors would not rely upon and enforce all the provisions of the written contract.

In Liberty State Bank et al. v. Guardian Savings & Loan Ass'n, 127 Tex. 311, 94 S.W.2d 133, 134, the Supreme Court says: "The principle of estoppel in pais may be invoked against a party only when he has failed to do that which it was his duty to do. He cannot be estopped because of his failure to do that which he owed no duty to do."

█ It is unnecessary to cite authorities to show that the admission of this testimony was in violation of the parole evidence rule which prohibits the introduction of oral testimony to vary, modify or change the terms of a written contract in the absence of an allegation of fraud, accident or mistake.

█ The jury, on ample testimony, found that H. M. Miller did not take possession of the automobile because it has been removed from Missouri nor on account of O'Neal having failed to pay the installment due the 26th of December, nor for the reason that he felt unsafe and insecure in the payment of his debt. Under these findings the overruling of the exception to the plea of estoppel and the admission of the testimony in violation of the parole evidence rule, while error, are immaterial.

█ The appellants urge as error the action of the court in admitting the testimony of O'Neal to the effect that the value of the automobile after it had been operated by him was $799 over the objection that the witness was not an expert and not qualified to testify to the market value of the car. The witness testified that the car was worth $799 but failed to state at what place he fixed the value. He testified that he knew the value; that his company bought cars every year, but his evidence does not show what company he referred to, whether it bought

new or secondhand cars, what he had to do with the purchase thereof, or what make was purchased, nor does the record disclose that there was no market value for new or secondhand cars at Lubbock, Texas. In our opinion, this witness was not qualified to testify to value, Grayce Oil Co. et al. v. Peterson et al., 128 Tex. 550, 98 S.W.2d 781, and authorities cited, but while appellants objected to this testimony they failed to reserve an exception to the ruling of the court in permitting the introduction thereof and this assignment is overruled. Manton v. City of San Antonio, Tex.Civ.App., 207 S.W. 951; Western Union Telegraph Co. v. Gardner et al., Tex.Civ.App., 278 S.W. 278.

■ The appellant complains of the action of the court in admitting over objection the testimony of O'Neal that he was making better than $100 per week by the use of the automobile and rendering judgment on the finding of the jury thereon.

The appellees alleged that by reason of the unlawful act of appellants O'Neal had to abandon his contract with the Union Circulation Company, was not able to supervise his sub-agents and resumed the position of a sub-agent; that he was making in his business when the automobile was converted, clear of expenses, $100 per week and on account of the loss of the use of the car he was damaged in the sum of $500. They did not allege that another car suitable to the use of O'Neal was not available nor allege the rental value of the use of an automobile. O'Neal testified that he had a crew of five girls whom he transported from place to place in the car working under his direction and as a part of his compensation he received a commission of 50% on the magazines sold by each of them; that by the use of the automobile, and the superintendency of his sub-agents and his work he was making better than $100 per week. It is obvious, we think, that the use of the automobile was incidental to his business.

In Brown et al. v. Guaranty Securities Co., Tex.Com.App., 265 S.W. 547, 550, in an opinion approved by the Supreme Court, the Commission of Appeals says: "The facts show that Mrs. Brown was using her automobile as a real estate agent, and the court submitted as a measure of damages the reasonable earnings of Mrs. Brown in her business with the use of her car over and above her expenses from the time the car was taken from her until the 1st day of November, A. D. 1921. The car was only incidental to her work, and therefore in our opinion the measure of damages would have been the reasonable rental value of the car."

Generally the measure of damages for the conversion of an automobile or other personal property is its market value at the time and place of conversion. Morriss v. Knepper, Tex.Civ.App., 10 S.W.2d 1012; Universal Credit Co. v. Wyatt, Tex.Civ. App., 56 S.W.2d 487; Waller, Sheriff, et al. v. Hail, Tex.Civ.App., 46 S.W. 82; Ward v. Odem, Tex.Civ.App., 153 S.W. 634; Stalker v. Williams, Tex.Civ.App., 3 S.W.2d 534. The pleading was not sufficient to authorize the introduction of the testimony and the evidence did not warrant the jury in finding appellants had suffered damages in the sum of $300 by the loss of the use of the automobile. This assignment is sustained.

■ The appellants complain of the action of the court in rendering judgment in favor of appellees for the sum of $1,025 because they pleaded a debt amounting to $630 due appellants on the unpaid purchase price of the machine and appellants were, in any event, entitled to credit therefor on any damages recovered.

The appellants pleaded their debt and mortgage; it is admitted that the deferred payments on the purchase price of the automobile were never paid, and appellants were entitled to credit on any judgment obtained against them for the amount of their debt due and unpaid.

In Sanders v. O'Connor, Tex.Civ.App., 98 S.W.2d 401, it is held that the damages due the owner of property that had been converted by a party to whom the owner is indebted is ascertained by deducting the debt from the reasonable value of the property converted. See, also, Runnels et al. v. La Fitte et ux., Tex.Civ.App., 61 S.W.2d 585; Universal Credit Co. v. Ratliff, Tex.Civ.App., 57 S.W.2d 238; 42 Tex.Jur. 575, para. 59.

The judgment is reversed and the cause remanded.