**WARREN et al. v. MAYHEW.**

No. 14013.

Court of Civil Appeals of Texas. Dallas.
April 22, 1949.

Rehearing Denied May 27, 1949.

Webb & Rogers and Lester C. Newman, all of Sherman, for appellants.

Gillespie & Gillespie and Jesse F. Holt, all of Sherman, for appellee.

BOND, Chief Justice.

Appellant as plaintiff in the court below (so designated here) instituted this suit against appellee, defendant in the court below (so designated here), for specific performance of a written contract and for damages incident to its breach. In the contract the plaintiff and her then husband were designated Buyers, and appellee and one J. A. Ladd were designated Owners. The husband and J. A. Ladd, by agreement, are eliminated by the parties from the suit.

The contract provides that the Owners agreed to sell and the Buyers agreed to purchase a certain designated lot, tract or parcel of land, fully described, for the sum of $3,500, payable (optional with the buyers) either in lump sum or in monthly installments of $30 per month. The deed to the property was not to be delivered to the buyers until the full consideration for the land was paid; and in case the buyers shall fail to pay promptly any installment when same shall become due, such failure shall have the effect to forfeit all rights which the buyers have under the contract and the owners may keep and retain all payments which have been made as rents for said property. The contract, pertinent here, further provides: "The buyers promise and agree on their part to pay the sum of Thirty-Five Hundred Dollars together with other amounts as hereinafter described, together with interest as aforesaid, by paying thereon Thirty ($30.00) Dollars on the First of each month, beginning March 1st, 1945, until the said sum of monies, together with interest, shall have been fully paid off. * * * That the said buyers shall pay all taxes * * * and to keep same insured for its full insurable value for the benefit of the owners so long as any portion of the purchase money, together with other amounts hereinafter mentioned * * * remain unpaid. It is also understood and agreed that should any amounts of money be advanced by the owners for the payment of taxes, repairs or insurance as above mentioned, said advances shall be added to and become a part of the purchase price of said property and shall be paid to owners by buyers, together with interest as aforesaid on such advances."

Appellant sues to enforce the aforesaid contract and for damages incident to the breach; alleging that during the negotiations for said contract of purchase and immediately preceding the signing of same by the parties thereto, plaintiff stated to the defendant that she did not have the money to make any payments and could not take care of taxes, insurance, repairs, etc., from her own income; whereupon, the defendant agreed and represented to her that the $30 per month would include the payment on the property, the insurance, taxes and upkeep; that the money so advanced by the defendant would be charged against her and included in the installment payments of $30 per month and that

amount would be all the payment required of her on the obligations contracted. Plaintiff further alleged "that the aforesaid representations were made with the intent and design to induce the plaintiff to rely thereon. That the plaintiff believed the statements of the defendant to be true, and was induced thereby to refrain from paying the taxes or securing insurance on said property, and that the plaintiff in so doing acted with reasonable prudence, and was then and there deceived and induced to rely thereon to her resulting damages. That the defendant, C. C. Mayhew, did take out insurance on the property in question, but failed and refused to take out an adequate amount of insurance as called for by the contract, which he had promised to so do." In course for trial, under Rule 169, Texas Rules Civil Procedure, the plaintiff requested admission of relevant matters of fact and the defendant answered, (1) that on January 31, 1945, he entered into the written contract in suit for sale of the real estate described therein with the plaintiff; (2) that the contract has been breached by the plaintiff; (3) that the reasonable market value of the real estate at the date of the contract was $3,500; (4) that he paid all taxes for the years 1945, 1946, and 1947, and the amounts paid for the first two years were added to and became a part of the purchase price of the property, with 6% interest; (5) that on September 25, 1944, he caused said property to be insured for a period of three years for the benefit of himself; and the unearned premium of $23.27 was added to and became a part of the purchase price of the property, with 6% interest; (6) that the house on the property was destroyed by fire; and (7) that he collected the insurance which was, in his opinion, adequate for the protection of his investment in the property. And on trial the plaintiff proffered testimony to substantiate her allegations relative to the aforesaid collateral promise, or agreement, to which the defendant interposed objections, contending that such testimony is an attempt to vary and modify the terms of the above mentioned written contract in direct contravention of the parol evidence rule and of Art. 3995, sec. 4, R.S., of the statute of fraud affecting real estate by parol. The trial court sustained (over the exceptions of plaintiff) defendant's objections; and, the trial being to a jury, at conclusion of plaintiff's admitted evidence bearing directly on the written contract, the court dismissed the jury and entered judgment that the plaintiff take nothing by her suit and that the defendant, on his cross-claim for title and possession of the premises described in the written contract, have judgment therefor against the plaintiff.

To the action of the court in refusing to admit in evidence the alleged collateral verbal promise, or agreement, alleged to have been made by the parties prior to and contemporaneously with the written contract, thus fraudulently inducing plaintiff in the execution of the written contract, and to the action of the court in discharging the jury and entering the judgment, plaintiff excepted, appealed, and here presents relative points of error. We find no error in the trial court's action in the particulars assigned—in refusing admission in evidence of the proffered oral testimony and in discharging the jury and entering judgment.

■ The alleged collateral verbal promise, or agreement, was in direct conflict with, modified, and varied the terms of the written contract entered into by the parties. Evidently imposed upon the defendant obligations to do and perform covenants subsequent; that is, to keep the property insured, pay the premiums, and add the amounts therefor to the contractual consideration for the property. Such promise or agreement is not within the covenants of the written contract and there is no pleading raising the issue that such was intended, or omitted therefrom through fraud, accident or mistake; or that the written contract is in any way ambiguous. Such promise, or agreement, is not admissible either under the parol evidence rule or the statute of frauds.

■■ A promise to do or refrain from doing something in the future would not constitute actionable fraud to admit evi-

dence of such promise, or agreement, inducing execution of a written contract. Fraud cannot be implied. "In order for a promise to constitute fraud, it is necessary that it should be made with the intent at the time that it would not be performed and with the intention, design and purpose of deceiving." 20 Tex.Jur. 33, note 20.

In the case at bar it is alleged, and proof offered, that the defendant promised to do something in the future, which would not constitute actionable fraud in the absence of allegations and proof that at the time the promise was made the defendant intended not to comply with it. In Lott Town & Imp. Co. v. Harper, Tex.Civ.App., 204 S.W. 452, 453, affirmed by the Supreme Court, Tex.Com.App., 228 S.W. 188, it is tersely stated: "'It is the general rule that a promise to perform an act in the future will not amount to fraud in the eyes of the law, although it may have been the propelling inducement to the execution of the contract, and, though it may have been totally disregarded, still it cannot be made the basis of a suit to avoid a contract.' Lemmon v. Hanley, 28 Tex. 219; Jackson v. Stockbridge, 29 Tex. 394, 94 Am.Dec. 290; Moore v. Cross, 87 Tex. 557, 29 S.W. 1051; Mid-Continent Life Ins. Co. v. Pendleton, Tex.Civ.App., 202 S.W. 769." See also, to the same effect, Commonwealth Bonding, etc., v. Barrington, Tex.Civ.App., 180 S.W. 936; Pool v. Joy, Tex.Civ.App., 61 S.W.2d 581; C. R. Miller v. Provine, Tex.Civ.App., 17 S.W. 2d 128. Whether or not the promise alleged by the plaintiff was true or false, since it was directly in conflict with the terms of the written contract, it cannot be proven either under the parol evidence rule or under the statute of frauds.

"In order to let in evidence of a collateral agreement between the parties, such agreement must be consistent with the terms of the writing; if the evidence tends to vary or contradict the terms of the written instrument, or to defeat its operation, it cannot be received." 32 C.J. S., Evidence, § 998, p. 971. So, in the case here there is no fact or circumstance

alleged or proof offered, either showing or tending to show that the execution of the contract in question was obtained by any trick or artifice; or that plaintiff was laboring under any physical or mental disability, or any other fact, forbidding a conclusion, in executing the contract, that appellant either did not know and understand its contents, or was otherwise unfamiliar with its terms. The proffered testimony is that the plaintiff knew the terms of the written contract, and executed it with understanding. Hence the proffered testimony to support the collateral promise was correctly excluded from the evidence.

Furthermore, the trial court was required to exclude evidence of such alleged collateral promise, or agreement, under the provision of art. 3995, sec. 4, R.C. S. Under the statute, parol modification of a written contract as affects real estate must be in writing, hence the oral modification is ineffective. It is settled by our Supreme Court in Michael v. Busby, 139 Tex. 278, 162 S.W.2d 662, 664. We quote: "It is the rule in this State, and the rule generally, that parties to a written agreement coming within the provisions of the statute of frauds (art. 3995) may not, by mere oral agreement, alter or change one or more of the terms thereof, and thus make a new contract, resting partly in writing and partly in parol."

In the light of this record, which we have given careful consideration, all evidence as to the alleged oral promise, or agreement, having been properly excluded, there remained no question of fact making a jury issue. The attorney for plaintiff recognized the fate of his client's suit; that in the absence of the proffered testimony of the parol promise and agreement, as he stated, "there is no jury issue"; and since the evidence properly before the court only authorized recovery by the defendant on his cross-action for title and possession of the property in question, on default of the plaintiff to pay the consideration as provided in the written contract, the judgment of the court below is affirmed.