ACCEPTED
04-15-00077-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/24/2015 9:27:14 AM
KEITH HOTTLE
CLERK

NO.   04-15-00077-CV

_____

**IN THE COURT OF APPEALS
FOR THE FOURTH JUDICIAL DISTRICT OF TEXAS
SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/24/2015 9:27:14 AM
KEITH E. HOTTLE
Clerk

_____

**HARRY OLIVER WINKENHOWER,**

**APPELLANT**

**v.**

**GEORGE ALLAN SMITH, INDEPENDENT EXECUTOR OF THE
ESTATE OF LYDA CATHERINE SMITH, DECEASED,**

**APPELLEE.**

_____

**On appeal from the 198th Judicial District Court of Bandera County, Texas**

_____

**BRIEF OF APPELLEE GEORGE ALLAN SMITH**

_____

**Brent B. Hamilton
State Bar No. 00796696
brent@bhlawgroup.com
BRADY & HAMILTON, LLP
1602 13th Street
Lubbock, Texas 79401
Phone:  (806) 771-1850
Fax:  (806) 771-3750
Attorney for Appellee,
George Allan Smith**

**APPELLEE ASSERTS THAT ORAL ARGUMENT IS UNNECESSARY AS
THE DISPOSITIVE ISSUES HAVE BEEN AUTHORITATIVELY
DECIDED; HOWEVER, IF APPELLANT IS GRANTED ORAL
ARGUMENT, APPELLEE REQUESTS ORAL ARGUMENT.**

# I.  TABLE OF CONTENTS

I.  TABLE OF CONTENTS ................................................................................. i

II.  TABLE OF AUTHORITIES ......................................................................... ii

III.  STATEMENT OF THE CASE ................................................................... vii

IV.  ISSUES PRESENTED................................................................................. ix

V.  STATEMENT OF THE FACTS .....................................................................1

VI.  SUMMARY OF THE ARGUMENT ...........................................................3

VII.  ARGUMENTS AND AUTHORITIES.........................................................4

   A.  Standard of Review ................................................................................4

     1.  Summary Judgment Evidence..............................................................4

     2.  Summary Judgment ..............................................................................5

   B.  The trial court properly exercised its discretion when it excluded certain items within Winkenhower's summary judgment evidence; the trial court's Order on Smith's Objections to Winkenhower's summary judgment evidence should be affirmed.................................................................................................6

   C.  The trial court's granting of summary judgment on Winkenhower's partial performance claim was proper and should be affirmed. ...........................16

     1.  The summary judgment record does not support Winkenhower's claim that an oral agreement existed.......................................................16

     2.  Winkenhower's attempt to enforce an alleged oral agreement is barred by the Statute of Frauds. ..........................................................18

     3.  Winkenhower never took any action in accordance with the alleged oral agreement; the partial performance exception to the Statute of Frauds does not apply.............................................................................19

   D.  The trial court's order granting summary judgment on Winkenhower's quasi-estoppel claim was proper and should be affirmed. ..................................22

VIII.  CONCLUSION AND PRAYER................................................................23

CERTIFICATE OF SERVICE .............................................................................25

CERTIFICATE OF COMPLIANCE ....................................................................26

## II.   TABLE OF AUTHORITIES

**Cases**                                                                                     **Page(s)**

*Casso v. Brand*,
    776 S.W.2d 551 (Tex. 1989)............................................................................15

*City of Brownsville v. Alvarado*,
    897 S.W.2d 750 (Tex. 1995).......................................................... 4

*Doncaster v. Hernaiz*,
    161 S.W.3d 594 (Tex. App.—San Antonio 2005, no pet.) ...............................4, 5

*Downer v. Aquamarine Operators Inc.*,
    701 S.W.2d 238 (Tex. 1986)............................................................ 5

*E.I. du Pont de Nemours & Co. v. Robinson*,
    923 S.W.2d 549 (Tex. 1995)............................................................. 5

*Exxon Corp. v. Breezevale, Ltd.*,
    82 S.W.3d 429 (Tex. App.—Dallas 2002, pet. denied). .....................................20

*Fears v. Texas Bank*,
    247 S.W.3d 729 (Tex. App.—Texarkana 2008, reh'g overruled)......................19

*Fort Worth Osteopathic Hosp., Inc. v. Reese*,
    148 S.W.3d 94 (Tex. 2004).......................................................... 6

*Frankoff v. Norman*,
    448 S.W.3d 75 (Tex. App.—Houston [14th Dist.] 2014, reh'g overruled)..*passim*

*Gee v. Liberty Mut. Fire Ins. Co.*,
    765 S.W.2d 394 (Tex. 1989)........................................................ 4

*Ginsberg v. Fifth Court of Appeals*,
    686 S.W.2d 105 (Tex. 1985)............................................................5, 13

*Gonzalez v. Gonzalez*,
    552 S.W.2d 175 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.) .........21

*H.S.M. Acquisitions, Inc. v. W.,*
917 S.W.2d 872 (Tex. App.—Corpus Christi 1996, writ denied).......................16

*Hubacek v. Ennis State Bank*,
317 S.W.2d 30 (Tex. 1958)................................................................. 8

*Jones v. Strayhorn*,
321 S.W.2d 290 (Tex. 1959)................................................................ 5

*Lewis v. Adams,*
979 S.W.2d 831 (Tex. App.—Houston [14th Dist.] 1998, no pet.)...................8, 9

*Loftin v. Martin,*
776 S.W.2d 145 (Tex. 1989)................................................................ 5

*Lopez v. Munoz, Hockema & Reed, L.L.P.,*
22 S.W.3d 857 (Tex. 2000)............................................................22, 23

*McIntyre v. Ramirez*,
109 S.W.3d 741 (Tex. 2003)............................................................12, 15

*Michael v. Busby*,
162 S.W.2d 662 (Tex. 1942)................................................................ 9

*Nagle v. Nagle,*
633 S.W.2d 796 (Tex. 1982)..........................................................6, 19, 21

*Natural Gas Pipeline Co. of Am. v. Justiss*, 3
97 S.W.3d 150 (Tex. 2012)...............................................................13

*Owens-Corning Fiberglass Corp. v. Malone*,
972 S.W.2d 35 (Tex. 1998)................................................................ 4

*Paciwest, Inc. v. Warner Alan Props, LLC*,
266 S.W.3d 559 (Tex. App.—Fort Worth 2008, pet. denied)...................4, 14, 15

*Purcell v. Bellinger*,
940 S.W.2d 599 (Tex.1997)...............................................................12

*Randall's Food Mkts., Inc. v. Johnson*,
  891 S.W.2d 640 (Tex. 1995)....................................................................6, 8, 23

*Ryland Grp. v. Hood*,
  924 S.W.2d 120 (Tex. 1996).............................................................................12

*State v. Bristol Hotel Asset Co.*,
  65 S.W.3d 638 (Tex. 2001)................................................................................ 4

*Stovall & Assocs., P.C. v. Hibbs Fin. Ctr., Ltd.*,
  409 S.W.3d 790 (Tex. App.—Dallas 2013, no pet.)....................................20, 21

*Tex. Dep't of Human Servs. v. E.B.*,
  802 S.W.2d 647 (Tex. 1990)......................................................................*passim*

*Trico Techs. v. Montiel*,
  949 S.W.2d 308 (Tex. 1997)..............................................................................15

*Universal Credit Co. v. O'Neal*,
  140 S.W.2d 596 (Tex. App.—Amarillo 1940, no pet.)................................6, 8, 9

*Valence Operating Co. v. Dorsett,*
  164 S.W.3d 656 (Tex. 2005)............................................................................. 5

*Warren v. Mayhew*,
  221 S.W.2d 394 (Tex. App.—Dallas, reh'g denied) ......................................... 9

## Statutes

TEX. BUS. & COM. CODE § 26.01(b)(4) (West 2005) ............................................19

## Rules

TEX. R. APP. P. 44.1(a)..................................................................................... 5

TEX. R. CIV. P. 166a(c) ....................................................................................15

TEX. R. EVID. 601(b).........................................................................................10

TEX. R. EVID. 701 .............................................................................................12

Tex. R. Evid. 801 ....................................................................................11

Tex. R. Evid. 901(b)(9). ...........................................................................14

# CITING CONVENTIONS

For the convenience of the Court and the Parties, the following citation abbreviations and party references are used throughout this brief:

Citations to the Clerk's Record, filed with this Court on March 6, 2015, will be referred to as "CR."

Citations to the Reporter's Record, filed with this Court on March 30, 2015, will be referred to as "RR."

The named Plaintiff in the original district court action is "George Allan Smith, Independent Executor of the Estate of Lyda Catherine Smith, Deceased." The Plaintiff is the Appellee in the current appeal before this Court. Hereinafter, where the lower court or appellate court party designations are not necessary to the statement being made, this brief shall refer to the Plaintiff/Appellee as "Smith" or the "Estate."

The named Defendant in the original district court action is Harry Oliver Winkenhower. Defendant Winkenhower has filed the appeal that is before this Court and is the named Appellant. Again, throughout this brief, where the lower court or appellate court party designations are not necessary, references to the Defendant/Appellant in this brief will use "Winkenhower."

## III.   STATEMENT OF THE CASE

Smith[1] and Winkenhower are undivided one-half interest owners in certain real property, referred to by the parties as the "Medina Ranch," in Bandera County, Texas. RR, p. 6, l. 6-8. In January 2014, Smith filed a partition action to extricate the Estate's ownership interest from certain impediments created by Winkenhower; Smith was concerned about several federal tax liens and other judgment liens encumbering Winkenhower's interest, and both disagreed about the maintenance and operation of the property. CR 5-7.

Smith's lawsuit seeks partition of the Medina Ranch. CR 5-7. In response to Smith's suit for partition, Winkenhower asserted counterclaims of breach of contract/partial performance, fraud, and quasi estoppel.  CR 15-16; 145-148. Smith then filed a Motion for Summary Judgment on Defendant's Counterclaims. CR 20-142. Winkenhower filed a Response to Smith's Motion and filed Objections to certain items of Smith's summary judgment evidence. CR 152-195. In turn, Smith filed a Reply to Winkenhower's Response and also filed Objections to Winkenhower's summary judgment evidence. CR 196-220. The trial court entered its Orders on the evidentiary objections on October 1, 2014. CR 234-239. On October 6, 2014, the trial court granted Smith's Motion for Summary Judgment on

---

[1] Acting in his capacity as executor, Smith filed the partition action on behalf of the Estate. The Estate matter is still pending in Tarrant County Probate Court No. 2, and has not been closed. Because the Estate is the owner of the property at this time, all references to "Appellee", "Smith", or "the Estate" are intended to include and to refer to the Estate of Lyda Catherine Smith, with George Allan Smith acting as the Executor, as well as to Lyda Catherine Smith's ownership of the real property when she was still alive, as applicable.

Defendant's Counterclaims. CR 241.

Winkenhower now brings this appeal, challenging the trial court's October 6 summary judgment ruling as to partial performance and quasi-estoppel, and challenging the October 1 order excluding items within Winkenhower's offered summary judgment evidence. Smith files this reply, urging this Court to affirm the actions of the 198th District Court and remand this cause back to the trial court so the partition action can be concluded.

# IV.   ISSUES PRESENTED

1.   The trial court properly exercised its discretion when it excluded certain items within Winkenhower's summary judgment evidence; the trial court's Order on Smith's Objections to Winkenhower's summary judgment evidence should be affirmed.

2.   The trial court's order granting Smith's motion for summary judgment as to Winkenhower's partial performance counterclaim was proper and should be affirmed.

3.   The trial court's order granting Smith's motion for summary judgment as to Winkenhower's quasi-estoppel counterclaim was proper and should be affirmed.

# V. STATEMENT OF THE FACTS

Smith filed a Petition for Partition of Real Property in the trial court on January 21, 2014; Smith's suit seeks partition of real property ("Medina Ranch") in which Smith and Winkenhower own equal undivided interests. CR 5-7. Smith's motivation for the partition is due to the fact that Winkenhower's undivided one-half interest in the property is encumbered by both judgment liens and federal tax liens. CR 5-7; 76-96. Also, the owners have significant disagreements about the operation and maintenance of the Medina Ranch. CR 20. In response, Winkenhower filed counterclaims seeking to avoid the partition, alleging there was an oral contract to transfer the Medina Ranch to a "bloodline trust." CR 15-16; 145-148. However, a bloodline trust did not exist at the time of the alleged oral contract, nor was one ever created.

The basis for Winkenhower's claim that an oral contract exists stems from a discussion between Winkenhower and Lyda Smith, which took place while the two were together in San Antonio on Easter Weekend in April of 2011. At the time, Winkenhower and Ms. Smith discussed the ownership of a house the two siblings inherited from their parents ("Woodway Home"), maintenance and operation of the Medina Ranch, as well as Winkenhower's indebtedness to her. CR 117-120. The following day, Winkenhower drafted a written contract ("April 2011 contract"). The express terms of that agreement only dealt with the Woodway Home. In that

agreement, Winkenhower agreed to relinquish his interest in the Woodway Home, in exchange for Ms. Smith agreeing to release him from certain debt obligations owed to her.

Tellingly, the April 2011 contract made no mention whatsoever of the Medina Ranch, or of a supposed bloodline trust. CR 20-142; 196-220. Despite this, however, Winkenhower now attempts to alter the written instrument he drafted himself, three years after its full performance, with parol evidence and in direct violation of the Statute of Frauds. Neither the record nor Texas law support such an attempt. Therefore, the trial court appropriately entered its Order on Smith's Objections to Defendant's summary judgment evidence and granted Smith's Motion for Summary Judgment, based on the summary judgment record before it. CR 241.

Winkenhower now files this appeal, complaining of the trial court's October 1, 2014 Order on Smith's Objections to Winkenhower's summary judgment evidence (hereinafter "October 1 Order" or "Order on Evidence"), and the October 6, 2014 Order granting Smith's Traditional and No-Evidence Motion for Summary Judgment on Winkenhower's Counterclaims (hereinafter, "October 6 Order" or "Summary Judgment Order"). Smith respectfully requests that this Court affirm the actions of the trial court in their entirety.

## VI. SUMMARY OF THE ARGUMENT

Smith filed a Petition for Partition of Real Property in the trial court on January 21, 2014; Smith's suit seeks partition of real property ("Medina Ranch") in which Smith and Winkenhower own equal undivided interests. In response, Winkenhower filed counterclaims seeking to avoid the partition, alleging there was an oral contract to transfer the Medina Ranch to a trust that does not exist.

Smith filed a Motion for Summary Judgment on Winkenhower's claims. The trial court granted Smith's Motion for Summary Judgment, as well as certain objections to Winkenhower's offered summary judgment evidence. Winkenhower now appeals.

Smith respectfully urges this Court to affirm the trial court's October 1 and October 6 Orders in their entirety, excluding those items of Winkenhower's summary judgment evidence under the October 1 Order, and affirming the trial court's grant of summary judgment. The trial court properly exercised its discretion when it sustained Smith's objections to Winkenhower's summary judgment evidence and excluded those items containing hearsay, speculation, unauthenticated documents, and improper conclusions from interested witnesses.

Further, the trial court's grant of summary judgment on Winkenhower's partial performance and quasi-estoppel counterclaims was proper and should be affirmed. Winkenhower's claims are based on his contention that an oral

agreement regarding real property should be enforced. However, there is no evidence in the summary judgment record supporting the existence of an oral contract, and an oral agreement regarding real property is void by virtue of the application of the Statute of Frauds. Further, Winkenhower's attempts to rescue the purported oral agreement from the Statute of Frauds fail because the summary judgment record is devoid of any evidence of partial performance. Therefore, this Court should affirm the trial court's orders.

## VII. ARGUMENTS AND AUTHORITIES

### A. Standard of Review

#### 1. Summary Judgment Evidence

Whether to admit or exclude evidence during a trial is a matter committed to the trial court's sound discretion. *State v. Bristol Hotel Asset Co.,* 65 S.W.3d 638, 647 (Tex. 2001) (citing *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex. 1995); *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex. 1989)). The standard in a summary judgment context is no different. Appellate courts review a trial court's decision to sustain or overrule an objection to summary judgment evidence for an abuse of discretion. *Paciwest, Inc. v. Warner Alan Props., LLC*, 266 S.W.3d 559, 567 (Tex. App.—Fort Worth 2008, pet. denied); *Doncaster v. Hernaiz*, 161 S.W.3d 594, 601 (Tex. App.—San Antonio 2005, no

pet.) (citing *Owens-Corning Fiberglass Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)).

An abuse of discretion occurs when the trial court acts without reference to any guiding principles. *Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990). That is, a reviewing court cannot conclude that a trial court abused its discretion if, in the same circumstances, it would have merely ruled differently or if the trial court committed a mere error in judgment. *E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549, 558 (Tex. 1995) (citing *Loftin v. Martin,* 776 S.W.2d 145, 146 (Tex. 1989); *Downer v. Aquamarine Operators Inc.,* 701 S.W.2d 238, 242 (Tex. 1986); *Jones v. Strayhorn*, 321 S.W.2d 290, 295 (Tex. 1959)). The decision whether to admit evidence rests within the discretion of the trial court; even if a trial court errs in excluding summary judgment evidence, the appellant must show the error was calculated to cause and probably did cause the rendition of an improper judgment in order to obtain a reversal based on the exclusion. *Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105, 108 (Tex. 1985); *Doncaster*, 161 S.W.3d at 601; TEX. R. APP. P. 44.1(a).

**2. Summary Judgment**

A trial court's granting of summary judgment is reviewed de novo. *Frankoff v. Norman*, 448 S.W.3d 75, 80 (Tex. App.—Houston [14th Dist.] 2014, reh'g overruled) (citing *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.

2005)). In reviewing either a no-evidence or a traditional summary judgment motion, all evidence favorable to the nonmovant is taken as true, and courts draw every reasonable inference and resolve all doubts in favor of the nonmovant. *Id.*

A trial court should sustain a no-evidence motion for summary judgment in the following circumstances: when (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *Frankoff*, 448 S.W.3d at 81.

On the other hand, an appellate court should affirm a grant of traditional summary judgment if the court, accepting as true all evidence in favor of the nonmovant, finds that the movant conclusively negated at least one of the essential elements of the nonmovant's cause of action, or the movant established that the nonmovant failed to produce any evidence of one or more essential elements of its claims. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004).

**B.    The trial court properly exercised its discretion when it excluded certain items within Winkenhower's summary judgment evidence; the trial court's Order on Smith's Objections to Winkenhower's summary judgment evidence should be affirmed.**

Smith's Motion for Summary Judgment was filed because the alleged oral agreement between Winkenhower and Lyda Catherine Smith regarding real

6

property is unenforceable, and because a separate written contract cannot be altered by parol evidence. *See* CR 20-142; *Nagle v. Nagle*, 633 S.W.2d 796, 798 (Tex. 1982); *Universal Credit Co. v. O'Neal*, 140 S.W.2d 596, 599 (Tex. App.—Amarillo 1940, no writ). Smith's summary judgment evidence consists of an affidavit from George Smith and excerpts of the Harry Winkenhower deposition transcript. CR 41-70; 76-96; 108-142. In response to Smith's Motion for Summary Judgment, Winkenhower's offered summary judgment evidence included multiple affidavits from interested witnesses—whose testimony was conclusory, based on hearsay, speculative, and fraught with improper legal conclusions from laypersons. CR 152-195. As a result, Smith raised 63 objections to Winkenhower's summary judgment evidence. CR 196-216.

On October 1, 2014, the trial court judge for the 198th District Court in Bandera County entered its Order on Smith's Objections to Defendant's summary judgment evidence, sustaining 41 of Smith's 63 evidentiary objections, and thereby excluding most of Winkenhower's summary judgment evidence from the summary judgment record. CR 234-237. Winkenhower now appeals to this Court and arbitrarily asserts that "the trial court erred in sustaining Smith's objections." Appellant's Brief at xi.

The first two objections raised in Smith's Reply to Winkenhower's Motion for Summary Judgment Response were properly sustained by the trial court judge,

7

and the trial court's order should be affirmed. As set forth below, in the absence of parol evidence or such evidence that violates the "Dead Man's Rule", the summary judgment record demands that this Court affirm the trial court's granting of summary judgment for Smith. There is no evidence of one or more essential elements of Winkenhower's counterclaims. *See Randall's Food Mkts., Inc.*, 891 S.W.2d at 644.

The parol evidence rule prohibits the introduction of oral testimony to vary, modify or change the terms of a written contract, in the absence of an allegation of fraud, accident or mistake. *Universal Credit Co.*, 140 S.W.2d at 599. The parol evidence rule is not a rule of evidence, but a rule of substantive law. *Lewis v. Adams,* 979 S.W.2d 831, 836 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (citing *Hubacek v. Ennis State Bank*, 317 S.W.2d 30, 31 (Tex. 1958). When parties have entered into a binding written agreement, the rule precludes the enforcement of inconsistent prior or contemporaneous agreements. *Id.* Therefore, Smith asserted that the Parol Evidence Rule operates to preclude any evidence that would alter the written April 2011 contract between Winkenhower and Lyda Catherine Smith. *See* CR 198.

It is undisputed that the day following the alleged oral agreement in April 2011, Harry Winkenhower and Lyda Catherine Smith entered into a written agreement, wherein Winkenhower agreed to convey his interest in a home in San

8

Antonio, Texas to Ms. Smith in exchange for Ms. Smith's agreement to forgive Winkenhower's indebtedness to her. *See* CR 95-96. On October 16, 2012, Winkenhower executed a deed conveying the home to Smith and in turn, the Estate released the Debt in direct conformity with the April 2011 Contract. CR 99-100. The April 2011 agreement was a clear, direct, written agreement between the parties. *See* CR 95-96. However, Winkenhower now attempts to alter the 2011 contract, regarding the conveyance of his interest in the San Antonio home in exchange for debt forgiveness, with parol evidence, three years after its execution and full performance.[2]

Parties to a written agreement subject to the Statute of Frauds may not, by mere oral agreement, alter or change one or more of the terms thereof, and thus make a new contract. *Michael v. Busby*, 162 S.W.2d 662, 664 (Tex. 1942); *Warren v. Mayhew*, 221 S.W.2d 394, 396-97 (Tex. App.—Dallas, reh'g denied). The April 2011 contract was in writing and its terms did not include, nor make any reference to, the Medina Ranch or the creation of a bloodline trust. CR 95-96. Winkenhower's attempts to now enforce an alleged oral agreement by modifying the April 2011 contract are a clear violation of the parol evidence rule. *Universal Credit Co.*, 140 S.W.2d at 599. Therefore, the trial court properly exercised its discretion in excluding any offered evidence of statements altering the 2011

_____

[2] As a practical matter, it should be noted that Winkenhower could not convey his interest into a bloodline trust unencumbered, without first paying his judgment and federal tax liens; those same liens being the motivation for which Smith seeks the partition.

9

contract from the summary judgment record. CR 234; *Lewis,* 979 S.W.2d at 836 (holding that the parol evidence rule precludes the admission and enforcement of any oral agreement regarding real property, because the parties had entered into a written contract for the sale of real property).

Texas Rule of Evidence 601(b) states, "neither party shall be allowed to testify against the others as to any oral statement by the testator, intestate or ward, unless that testimony to the oral statement is corroborated . . . the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent based in whole or in part on such oral statement." TEX. R. EVID. 601(b). Therefore, Smith's second evidentiary objection was raised in response to Winkenhower's attempt to introduce statements of the Testator Lyda Smith, in violation of the Dead Man's Rule, or Texas Rule of Evidence 601. CR 199. Lyda Smith died on June 20, 2011. *See* CR 45. Yet, the entirety of Defendant's summary judgment evidence is based upon and replete with uncorroborated statements of the Testator Lyda Smith. The statements clearly violate Texas Rule of Evidence 601 and do not constitute proper summary judgment proof. Therefore, the trial court properly exercised its discretion when it ordered the exclusion of any offered evidence of statements by any deceased persons from the summary judgment record. CR 234.

In addition to the inappropriate parol evidence and evidence that violates the

Dead Man's Rule, Winkenhower's summary judgment proof was replete with objectionable evidence based on hearsay, speculation, and improper conclusions. The trial court's October 1 Order should be affirmed, as explained in more detail below.

The trial court properly exercised its discretion in sustaining Objections 4, 10, 11, 12, 13, 17, 19, 21, 29, 33, 36, 40, 43, 46, 49, 52, 54, and 63, raised by Smith, because the summary judgment evidence offered by Winkenhower included hearsay. Statements made by someone other than the affiant, which are offered to prove the truth of the matter asserted, are hearsay; such statements must be excluded from the summary judgment record. TEX. R. EVID. 801. The affidavits attached to Winkenhower's Response to the Motion for Summary Judgment were full of inadmissible hearsay. *See* CR 162; 164-165; 169-174; 181-183. These statements do not, as Winkenhower contends, fall within recognized exceptions to the hearsay rule. Nor do the cases cited by Appellant lend support to the notion that affidavits, which include statements from persons other than the affiant, offered to prove the truth of the matter asserted, are admissible. Instead, the trial court's order to exclude paragraph 3 of Henry Oliver Winkenhower's Affidavit (CR 162); paragraphs 3-5 and 7 of Christie Haby's Affidavit (CR 164-165); paragraphs 3-5 and 8 of Angie Winkenhower's Affidavit (CR 169; CR 170); paragraphs 3-8 of Trey Winkenhower's Affidavit (CR 171-172); paragraphs 3-4 of Hunter

Winkenhower's Affidavit (CR 173-174); and Exhibit H to Winkenhower's Response to Smith's Motion for Summary Judgment (CR 181-183) from the summary judgment record was proper and should be affirmed. *See Tex. Dep't of Human Servs.*, 802 S.W.2d at 649.

In addition, the trial court properly exercised its discretion in sustaining Objections 6, 8, 22, 24, 28, 30, 34, 37, 44, 47, 48, 50, 53, and 55, raised by Smith in his Reply to Winkenhower's Response to the Motion for Summary Judgment, because the evidence offered by Winkenhower was conclusory and presented improper legal conclusions by lay witnesses in violation of the Texas Rules of Evidence. An affidavit must be based on facts and cannot merely recite factual conclusions. Conclusory statements that are not supported by facts are not proper summary judgment proof. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 749-50 (Tex. 2003); *Purcell v. Bellinger*, 940 S.W.2d 599, 602 (Tex. 1997); *Ryland Grp. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). Further, the rules of evidence do not allow a layperson affiant to draw legal conclusions. Instead, "the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony." TEX. R. EVID. 701. The affidavits attached to Winkenhower's Motion for Summary Judgment Response contained impermissible, conclusory statements and improper legal conclusions.

12

*See* CR 163; 169-174. Winkenhower's appeal does not specifically address each of the objections raised by Smith on conclusory and improper legal conclusion grounds; Winkenhower only generally states that the opinions in the affidavits are "reasonable inferences"—this is not sufficient proof to reverse the trial court's October 1 Order. *See Ginsburg*, 686 S.W.2d at 108.

Winkenhower has failed to meet his burden and show that the trial court's October 1 Order, sustaining Smith's objections to conclusory statements and improper legal conclusions, was an abuse of discretion. Therefore, the trial court's order to exclude paragraphs 4 and 5 of Henry Oliver Winkenhower's Affidavit (CR 163); paragraphs 5, 7, and 8 of Angie Winkenhower's Affidavit (CR 169-170); paragraphs 3, 4, 6, and 8 of Trey Winkenhower's Affidavit (CR 171-172); and paragraphs 3 and 4 of Hunter Winkenhower's Affidavit (CR 173-174) from the summary judgment record was proper and should be affirmed. *See Tex. Dep't of Human Servs.*, 802 S.W.2d at 649.

Testimony based on guesswork or conjecture is speculative in nature and should be excluded. *Natural Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 156 (Tex. 2012). Upon review of the affidavits that Winkenhower attached to his Response to Smith's Motion for Summary Judgment, the trial court properly sustained objections 35, 39, and 42, because the evidence offered by Winkenhower was speculative. In addition, the trial court properly exercised its discretion in

13

excluding paragraphs 3, 4, and 6 of Trey Winkenhower's Affidavit (CR 171) from the summary judgment record. Again, Winkenhower failed to specifically address Smith's objections based on speculation and the trial court's order pertaining to the same; in the absence of proof that the trial court abused its discretion, the trial court's order should be affirmed. *See Tex. Dep't of Human Servs.*, 802 S.W.2d at 649.

Texas Rule of Evidence 901(b)(9) requires computer evidence to meet authentication standards "describing the process or system used to produce a result and showing that the process or system produces an accurate result;" attachments that do not meet these standards are inadmissible. TEX. R. EVID. 901(b)(9). The trial court sustained Smith's objections 14 and 62 because the documents at CR 166-168 and CR 181-183 are unauthenticated instruments in violation of Rule 901(b)(9). Winkenhower has failed to show that the trial court abused its discretion in excluding this evidence; he merely states that "the trial court sustained far more objections than is warranted." Appellant's Brief at p. 18. However, this is not the standard of review for evidentiary rulings. *See Paciwest*, 266 S.W.3d at 567. Therefore, Smith respectfully submits that the trial court's October 1 order sustaining Smith's objections 14 and 62 should be affirmed. *See Tex. Dep't of Human Servs.,* 802 S.W.2d at 649.

Furthermore, testimony from an interested witness must be clear, positive,

14

direct, credible, free from contradiction, and uncontroverted even though it could have been readily controverted. TEX. R. CIV. P. 166a(c); *McIntyre v. Ramirez*, 109 S.W.3d 741, 749 (Tex. 2003); *Trico Techs v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997). If the testimony does not meet the foregoing requirements, it will not support a summary judgment. *See Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989). The entire affidavit of Haley Elizabeth Winkenhower, submitted by Winkenhower as support for his Response to the Motion for Summary Judgment, failed to meet these requirements; accordingly, the trial court excluded her affidavit (CR 175-176) from the summary judgment record. Moreover, Winkenhower has failed to show that the trial court's order was without reference to guiding principles. *Tex. Dep't of Human Servs.*, 802 S.W.2d at 649. Because Ms. Winkenhower is an interested witness and stands to benefit financially from her testimony, the trial court appropriately exercised its discretion when it excluded her testimony from the he summary judgment record. *See Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989).

Winkenhower has failed to establish that the October 1 Order was entered without reference to any guiding legal principles or that the trial court otherwise abused its discretion. *Tex. Dep't of Human Servs.*, 802 S.W.2d at 649. As such, the trial court's October 1 Order should be affirmed, and the summary judgment evidence listed above should be excluded from the summary judgment record in

15

this matter. *Paciwest,* 66 S.W.3d at 567. Furthermore, in the absence of Winkenhower's summary judgment evidence, there is no evidence in the record to support Winkenhower's counterclaims, and the trial court's summary judgment for Smith should be affirmed.

**C.    The trial court's granting of summary judgment on Winkenhower's partial performance claim was proper and should be affirmed.**

   **1. The summary judgment record does not support Winkenhower's claim that an oral agreement existed.**

Winkenhower contends that he and his sister entered into an oral agreement, modifying the written April 2011 contract, whereby Lyda Smith would convey her interest in the Medina Ranch to a bloodline trust. Appellant's Brief at p. 2. However, the summary judgment record that was properly before the trial court does not support Winkenhower's claim that an oral agreement existed; therefore, this Court should affirm the trial court's grant of summary judgment in favor of Smith.

An appellate court may consider the record only as it existed ***at the time the summary judgment was signed.*** *H.S.M. Acquisitions, Inc. v. W.,* 917 S.W.2d 872, 878 (Tex. App.—Corpus Christi 1996, writ denied) (citations omitted) (emphasis added). The Order on Plaintiff's Objections to Defendant's summary judgment evidence was signed on October 1, 2014. CR 234-237. The Order on Plaintiff's Traditional and No-Evidence Motion for Summary Judgment on Defendant's

16

Counterclaims was signed on October 6, 2014. CR 241. Therefore, at the time the Order granting Summary Judgment was entered, the summary judgment record was devoid of any evidence supporting the existence of an oral modification to the written April 2011 contract because the trial court properly excluded all evidence referencing the alleged oral agreement.

The undisputed and relevant summary judgment evidence indicates that Winkenhower and Lyda Smith were equal undivided owners of the Medina Ranch as well as a home inherited from their parents (the "Woodway Home"). While together in San Antonio on Easter weekend in April of 2011, Winkenhower and Lyda Smith discussed Winkenhower's indebtedness to Ms. Smith, as well as ownership of the Woodway Home and maintenance of the Medina Ranch. CR 117-120. At the conclusion of the meeting, Winkenhower typed up a contract (April 2011 contract) whereby he agreed to relinquish his interest in the Woodway Home, in exchange for Ms. Smith forgiving Winkenhower's indebtedness to her; the April 2011 contract made no mention whatsoever of the Medina Ranch or a bloodline trust. CR 20-142; 196-220. Furthermore, the summary judgment evidence that was properly before the trial court showed that on October 16, 2012, Winkenhower executed a deed conveying the Woodway Home to Smith, and Smith released Winkenhower's indebtedness, in direct conformity with the April 2011 Contract. CR 99-107.

The summary judgment record does not contain any evidence that: a bloodline trust was ever formed; Winkenhower and Lyda Smith ever discussed proposed terms or took any action to create a bloodline trust; Winkenhower and Lyda Smith had any further correspondence regarding the ownership of the Medina Ranch or the creation of a bloodline trust; Winkenhower and Lyda Smith ever created any writing or sought to amend the 2011 Contract in conformity with the purported oral contract; Winkenhower and Lyda Smith ever made demand on one another to act in conformity with the purported oral contract; or, that Winkenhower and Lyda Smith ever amended or created a new Last Will and Testament in conformity with the purported oral contract. In short, the summary judgment record contains absolutely no evidence of an oral contract to convey the subject property into a trust. Thus, this Court should affirm the trial court's order granting Smith's summary judgment. *See Frankoff*, 448 S.W.3d at 81.

**2. Winkenhower's attempt to enforce an alleged oral agreement is barred by the Statute of Frauds.**

Assuming, *arguendo*, that the trial court's October 1 Order was in error, and Winkenhower's evidence regarding an alleged oral agreement is admitted in the record, this Court should still affirm the trial court's summary judgment ruling on Winkenhower's partial performance claim.

Winkenhower's counterclaim for breach of contract is based upon an alleged **oral** contract regarding conveyance of real property. RR, p. 13, l. 12-17; CR 15-16;

18

145-148. (emphasis added) An oral agreement concerning the conveyance of an interest in real estate violates the Statute of Frauds and is unenforceable. *Nagle*, 633 S.W.2d at 798. It is well-settled law that under the Statute of Frauds, promises subject to the statute can only be enforced if such promises are in writing. *Id.* In addition, the statute applies to contracts for the sale of real estate. *Id.* (citing TEX. BUS. & COM. CODE § 26.01(b)(4)). Therefore, all conveyances of real property must be in writing and signed by the party to be charged, in order to be an enforceable agreement. *Fears v. Tex. Bank*, 247 S.W.3d 729, 735 (Tex. App.—Texarkana 2008, reh'g overruled) (citing § 26.01(b)(4)).

As such, the alleged oral agreement is void and unenforceable because Winkenhower's claims are rooted in his attempt to enforce an oral agreement concerning real property; thus, this Court should affirm the trial court's summary judgment order in favor of Smith. *See Nagle*, 633 S.W.2d at 799; *Fears*, 247 S.W.3d at 735; § 26.01(b)(4).

### 3. Winkenhower never took any action in accordance with the alleged oral agreement; the partial performance exception to the Statute of Frauds does not apply.

Alternatively, Winkenhower claims that although the alleged oral agreement may fall within the Statute of Frauds, the partial performance exception applies, effectively rescuing the alleged oral agreement from the requirement that the

19

agreement be in writing. However, the summary judgment evidence does not support this claim.

Under the partial performance exception to the Statute of Frauds, an "oral agreement that does not satisfy the traditional statute of frauds but that has been partially performed may be enforced if denying enforcement would itself amount to a fraud." *Stovall & Assocs., P.C. v. Hibbs Fin. Ctr., Ltd.,* 409 S.W.3d 790, 800 (Tex. App.—Dallas 2013, no pet.). Moreover, the actions asserted to constitute partial performance "must be such as could have been done with no other design than to fulfill the particular agreement sought to be enforced." *Id.* (quoting *Exxon Corp. v. Breezevale, Ltd.*, 82 S.W.3d 429, 439-40 (Tex. App.—Dallas 2002, pet. denied). Winkenhower asserts that because he "made improvements to the ranch," he has partially performed the alleged oral agreement serving as the basis of his counterclaim. Appellant's Brief at p. 3. The alleged terms of the oral agreement, however, have nothing to do with maintenance of the property. Rather, Winkenhower has alleged that in April 2011, he and Lyda Smith agreed that a bloodline trust would be created, and each would convey their respective interest in the Medina Ranch into the trust.

However, there is no evidence that Winkenhower conveyed his half-interest into a trust. Indeed, there is no evidence that a trust was ever created. Simply put, there is no evidence of partial performance. Furthermore, the obligation of upkeep

20

and preservation of a ranch rests upon the collective owners as a matter of course. Any evidence that Winkenhower "made improvements to the ranch" does not constitute partial performance of the alleged oral agreement, sufficient to rescue it from the application of the Statute of Frauds. Appellant's Brief at p. 3; *Stovall & Assocs., P.C.,* 409 S.W.3d at 800 (explaining that, to constitute partial performance, the actions at issue must have been done for no other purpose than to fulfill the agreement sought to be enforced).

Additionally, it is important to note that the original lawsuit—a partition action—enables Winkenhower to assert a claim for reimbursement of appropriate charges during resolution of the partition matter. *Gonzalez v. Gonzalez*, 552 S.W.2d 175, 181 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.) (noting, "Since the care, maintenance, upkeep and preservation of property rests upon owners collectively, a tenant in common who expends funds for necessary or proper preservation of common properties is entitled in a judicial partition of jointly owned properties to have all such expenditures charged to tenants in common in accordance with their pro rata ownership.") Because the alleged contract regarding conveyance of ownership interests in the Medina Ranch to a trust was oral, and because there is no evidence of partial performance of that oral agreement, the trial court's summary judgment on Winkenhower's partial

performance claim was proper and should be affirmed. *Nagle*, 633 S.W.2d at 799; *Frankoff*, 448 S.W.3d at 81.

**D.    The trial court's order granting summary judgment on Winkenhower's quasi-estoppel claim was proper and should be affirmed.**

Winkenhower also claims that the doctrine of quasi-estoppel should apply in this matter, operating to remove the alleged oral agreement regarding the Medina Ranch from the application of the Statute of Frauds. CR 146. Quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken. *Lopez v. Munoz, Hockema & Reed, L.L.P.,* 22 S.W.3d 857, 864 (Tex. 2000). The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit. *Id.*

Winkenhower's quasi-estoppel claim is similarly based on his contention that he has somehow performed part of the oral agreement that he alleges existed, and that Smith accepted the "benefit" of such performance. Appellant's Brief at p. 11-13. But, as outlined above, the summary judgment record is devoid of any evidence that any actions took place in furtherance of an alleged oral agreement regarding the Medina Ranch. For example, there is no evidence that a bloodline trust was ever discussed after the April 2011 meeting; there is no evidence that a bloodline trust was ever created; and there is no evidence that Winkenhower conveyed, or attempted to convey, his one-half interest into a trust. Simply put,

22

there is no evidence that any of the terms of the alleged oral agreement were performed or partially performed. Furthermore, there is no evidence that Smith received any benefit due to the alleged oral agreement regarding the Medina Ranch. This is true because Smith's half-interest is still encumbered by Winkenhower's federal tax and other liens, and remains subject to Winkenhower's demands regarding the maintenance and operation of the property, effectively precluding Smith from managing the Estate's half-interest. CR 20; 76-94. And, Smith is now incurring additional legal costs because of Winkenhower's attempts to avoid partition of the Medina Ranch based on unenforceable and inaccurate claims. Therefore, it is obvious Smith has not received a benefit. *See Lopez*, 22 S.W.3d at 864. As such, the trial court's summary judgment in favor of Smith on Winkenhower's quasi-estoppel claim was proper and should be affirmed. *Lopez,* 22 S.W.3d at 864; *Frankoff*, 448 S.W.3d at 81; *Randall's Food Mkts., Inc.*, 891 S.W.2d at 644.

## VIII.  CONCLUSION AND PRAYER

This is a partition lawsuit whereby Smith tries to extricate himself from certain judgment and federal tax liens, and disputes about the Medina Ranch. Winkenhower tries to block partition by attempting to introduce an alleged oral agreement in order to transfer real estate into a trust that was never created. Both law and equity justify the trial court's grant of Summary Judgment in favor of

23

Smith.

Therefore, for the reasons set forth herein, Appellee George Allan Smith, Independent Executor of the Estate of Lyda Catherine Smith, Deceased asks that this Court affirm the Judgment of the trial court in its entirety, including the Order on Smith's Objections to Winkenhower's summary judgment evidence. Appellee Smith further prays for the award of his costs on appeal and for any and all other relief to which he may show himself entitled.

Respectfully submitted,

**BRADY & HAMILTON, LLP**


   /s/ Brent B. Hamilton
Brent B. Hamilton
State Bar No. 00796696
brent@bhlawgroup.com
1602 13th Street
Lubbock, Texas 79401
Telephone:   (806) 771-1850
Facsimile:    (806) 771-3750

ATTORNEY FOR APPELLEE
GEORGE ALLAN SMITH,
INDEPENDENT EXECUTOR OF
THE ESTATE OF LYDA
CATHERINE SMITH, DECEASED

## CERTIFICATE OF SERVICE

This certifies that the undersigned served this Brief of Appellee George Allan Smith, Independent Executor of the Estate of Lyda Catherine Smith, Deceased, on all parties of record by sending it via certified mail, overnight delivery, or other acceptable method under the Texas Rules of Appellate Procedure on the 24th day of July, 2015 to the following:

Dan Pozza
State Bar No. 16224800
Attorney at Law
239 East Commerce Street
San Antonio, Texas 78205
Telephone: (210) 226 – 8888
Facsimile: (210) 224 – 6373
danpozza@yahoo.com

Cynthia Cox Payne
State Bar No. 24001935
P.O. Box 1178
1118 Main Street
Bandera, Texas 78003
Telephone: (830) 796 - 7030
Facsimile: (830) 796 – 7945
cpayne@paynelawfirm.com

    /s/ Brent B. Hamilton
    Brent B. Hamilton

# CERTIFICATE OF COMPLIANCE

1. Pursuant to Rule 9.4 of the Texas Rules of Appellate Procedure, I certify that this document complies with the typeface and style requirements. This document has been prepared in a proportionally spaced typeface using Microsoft Word® 2013 in Times New Roman font, size 14.

2. I further certify that this document contains 5,429 *[7500 is max]* *words, excluding the parts of the brief exempted by the Texas Rules of Appellate Procedure, as determined by the computer software's word-count function, and does not exceed the word limit requirements of Rule 9.4(i)(2)(C) of the Texas Rules of Appellate Procedure.*

I certify that this brief complies with all the requirements as to form, where applicable, pursuant to Rule 9.4 of the Texas Rules of Appellate Procedure.


  /s/ Brent B. Hamilton
Brent B. Hamilton

ATTORNEY FOR APPELLEE